James E. KOLLS and Life Investors, Inc., Appellants,

v.

AETNA CASUALTY AND SURETY COMPANY, Appellee.

No. 74–1195.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1974.

Decided Oct. 16, 1974.

Max Putnam, Des Moines, Iowa, for appellants.

Eugene Davis, Des Moines, Iowa, for appellee.

Before MATTHES, Senior Circuit Judge, and HEANEY and STEPHEN-SON, Circuit Judges.

STEPHENSON, Circuit Judge.

This is a diversity cause of action for recovery of benefits under a fire insurance policy. The appellants, James E. Kolls and Life Investors, Inc., sued appellee Aetna Casualty and Surety Company for additional benefits over and above the stipulated cash value of the lost property, $631,955.00, which Aetna had previously paid. The trial court [1] found for Aetna holding that it had previously paid all agreed sums under the

1. The Honorable William C. Hanson, United States District Court for the Southern District of Iowa. The trial court's opinion is reported at 378 F.Supp. 392 (S.D. Iowa 1974).

policy. Summary judgment was entered in favor of Aetna. We affirm.

The insurance policy in question covered loss by fire to a certain shopping center property located in Denver, Colorado. Fire destroyed a major portion of the shopping center structure on December 20, 1965. Thereafter Aetna paid to the insureds the agreed cash value of the loss, $631,955.00. Aetna argues here as it did below that the $631,955.00 was all that it was required to pay under the policy and, indeed, was all it ever agreed to pay. Appellants argue that they are entitled to recover an additional $54,920.-00. They support their thesis with two arguments: First, that the insurance policy's "Replacement Cost Endorsement" entitles them to that additional sum; and second, that Aetna agreed to pay $686,875.00 and therefore the additional $54,920.00 is due because of contract by estoppel.

*Replacement Cost Endorsement*

The basic policy of insurance insures the "actual cash value of the property at the time of loss." The replacement cost endorsement provides for the insured to make an initial claim for the actual cash value of the loss and to later claim an additional sum so that the total recovery equals the full replacement cost of the loss. The insured must meet certain conditions if he wishes to claim any amount pursuant to the replacement cost endorsement. We set out those conditions directly from the policy endorsement. Paragraph 4 provides:

This Company's liability for loss under this policy including this endorsement shall not exceed the smallest of the following amounts (a), (b) or (c)

a) The amount of this policy applicable to the damaged or destroyed property;

b) The replacement cost of the property or any part thereof, identical with such property on the same premises and intended for the same occupancy and use;

c) The amount actually and necessarily expended in repairing or replacing said property or any part thereof on the same premises and intended for the same occupancy and use.

Paragraph 5 of the endorsement provides further:

This Company shall not be liable under this policy including this endorsement for any loss—

a) Occasioned by enforcement of any local or state ordinance or law regulating the construction, repair or demolition of buildings, unless such liability has been specifically assumed under this policy;

b) Unless and until the damaged property is actually repaired or replaced with due diligence and dispatch, and, in no event, unless repair or replacement is completed within a reasonable time after such loss.

The facts as established by the documents admitted by stipulation of the parties show that the insureds expended $510,759.88 in partially repairing and replacing the structure. Aetna has already paid to the insureds $631,955.00.

Appellants claim that neither full replacement of the property nor an expenditure of more than the cash value of the loss is necessary in order for the replacement cost endorsement to come into play. The trial court disagreed and concluded as a matter of law that the insureds were not entitled to recover under the replacement cost endorsement of the insurance policy.

■ We agree with the trial court's well reasoned discussion in finding that the dispute between the parties on this issue must be resolved by an application of the undisputed facts to the law.[2] Ap-

2. Judge Hanson made his determination based upon the voluminous record consisting of over 270 letters and documents admitted by stipulation of the parties. Appellants conceded on oral argument that Judge Hanson had properly set out the facts of the case in his memorandum opinion.

pellants did not comply with the conditions precedent to recovery under the replacement cost endorsement. They failed to repair and replace the property and expend an amount in excess of the agreed cash value of the loss. The applicable law is properly stated and applied in the trial court's opinion. Further discussion on our part would not be useful.

*Estoppel*

 Appellants' primary contention is that regardless of the terms of the replacement cost endorsement Aetna agreed to pay $686,875.00 and is therefore estopped to deny full payment of that amount. Judge Hanson carefully reviewed the 270-plus documents submitted by the parties along with the other facts in this case. For us to again set out and discuss those stipulated facts would serve no useful purpose. All of the issues and sub-issues raised by appellants here were ably considered and answered by the trial court. The court concluded:

> \* \* \* [T]hat there was no contract by estoppel as set forth by the plaintiffs for the payment of $686,955.00. At all times, as indicated by the documentary evidence submitted by the plaintiffs and the defendant, the plaintiffs understood the settlement agreement to be in accordance with the provisions of the insurance policy and the Replacement Endorsement. According to the plain terms of the contract, the plaintiffs were required to spend an amount in excess of $631,955.00 in repairing and replacing the damaged structures before they would be entitled to recover an amount due them under the Replacement Cost Endorsement. The undisputed facts in this case establish that an amount less than $600,000.00 was spent in the repair and replacement of this shopping center. Therefore, there is no amount due the plaintiffs under the Replacement Cost Endorsement.

We have carefully examined the facts, the exhibits and appellants' contentions. We affirm on the basis of Judge Hanson's well reasoned opinion.

Affirmed.