**Robert D. BOSCH, Miriam J. Bosch, Robert E. Olson and Marjorie Jean Olson, Appellees,**

v.

**Loreto GARCIA and Eglenda Garcia, Appellees,**

and

**IMT Insurance Company, Appellant.**

No. 62139.

Supreme Court of Iowa.

Dec. 19, 1979.

John J. Carlin, Davenport, for appellant.

Considered by LeGRAND, P. J., and REES, UHLENHOPP, HARRIS and McGIVERIN, JJ.

REES, Justice.

This is an appeal from the judgment and decree of the trial court construing the provisions of an insurance contract and awarding interest on a cross-claim by the defendants-appellees Loreto and Eglenda Garcia against the defendant IMT Insurance Company. We find merit in the company's contentions and reverse and remand this case for further proceedings.

On June 16, 1977 this litigation was initiated upon the filing of the petition of the plaintiffs against Loreto and Eglenda Garcia and IMT Insurance Company (hereinafter referred to as IMT), alleging the Garcias were in default on a contract for the purchase of a house from the plaintiffs and that IMT, the insurer of the house, was obligated on its policy due to damage incurred to the dwelling in a fire on October 22, 1976. The Garcias then filed their cross-claim against IMT to recover under the insurance policy and cross-petitioned against the City of Muscatine which had demolished the house, after condemnation proceedings, for foundational reasons unrelated to the fire. The City of Muscatine then counterclaimed against the Garcias and cross-petitioned against the plaintiffs for expense it had incurred in the demolition of the house.

On June 5, 1978 the trial court made its findings of fact, reached conclusions of law, and entered its decree awarding judgment to the plaintiffs against the Garcias for the balance due on the contract and ordering IMT to pay the Garcias $7500, of which $6050 represented fire damage to the house, with seven percent interest from the date of loss. It dismissed the Garcias' claim against the City and ordered the Garcias and plaintiffs to pay the City for the cost of demolition. IMT filed a timely notice of appeal, as did the plaintiffs. The latter appeal was subsequently dismissed following settlement. The appeal of IMT remains before us.

IMT challenges the remedy formed by the trial court in two regards:

(1) Did the trial court err in awarding interest from the date of the fire when the petition did not pray for the allowance of interest?

(2) Did the trial court err in using replacement cost criteria in determining the amount of the award when the insurance policy would limit recovery to the actual cash value of the damaged portion of the building when repairs are not made?

■ I. Before addressing the foregoing issues, we must give attention to a preliminary matter. The defendants, Garcias, have failed to file an appellees' brief. We have a number of options available upon such a failure, as was recently noted in *County of Jefferson v. Barton-Douglas Contractors, Inc.*, 282 N.W.2d 155, 157 (Iowa 1979):

This is an appropriate case for applying principles adopted in *Bowen v. Kaplan*, 237 N.W.2d 799 (Iowa 1976), for the situation in which an appellee fails to file a brief. That failure does not entitle the appellant to reversal as a matter of right but does provide a basis for other sanctions. Ordinarily we will not search the record for a theory upon which to affirm the trial court. We may confine our consideration to issues raised in the appellant's brief or treat the appellee's failure to file a brief as a concession of claims made by the appellant, depending upon their apparent merit. (citations omitted).

After an evaluation of the merit of IMT's allegations of error, we choose to limit our consideration to the issues and arguments in the appellant's brief. Additionally, we will not search the record for an alternative theory supporting an affirmance.

■ II. In its order and decree the trial court awarded the Garcias interest on the award from the date of the fire despite the fact that interest was not prayed for in the Garcias' cross-claim against IMT. Such interest may have been recoverable if properly pled, *e. g.*, *Wetz v. Thorpe*, 215 N.W.2d 350, 357–58 (Iowa 1974), but if not prayed for, an award of interest from the time of the loss cannot be made. *Laverty v. Hawkeye Security Insurance Co.*, 258 Iowa 717, 727, 140 N.W.2d 83, 89 (1966). In *Laverty*,

258 Iowa at 727, 140 N.W.2d at 89, we said: "Plaintiff's petition asked recovery for damage to the automobile and medical expense. There was no prayer for interest. The trial court overlooked this rather unusual omission and allowed interest. Judgment cannot be rendered for items not claimed." This language is also appropriate to the facts in this case. We must reverse the award of interest from the date of the fire.

III. IMT next contends the trial court erred in calculating the damages due the Garcias for damage done to the building by the fire, claiming that the terms of the insurance policy would limit recovery to the "actual cash value of that part of the building structure damaged or destroyed" and that the trial court did not apply such a standard. Our examination of the policy and the ruling of the trial court lead us to agree.

Most relevant to our resolution of this issue are the following provisions of the policy (emphasis added):

b. If at the time of loss the whole amount of insurance applicable to said building structure for the peril causing the loss is less than 80% of the full replacement cost of such building structure, *this company's liability for loss under this policy shall not exceed the larger of the following amounts (1) or (2):*

(1) The *actual cash value of that part of the building structure damaged or destroyed* ;

or

(2) That portion of the full cost of repair or replacement without deduction for depreciation of that part of the building structure damaged or destroyed, which the whole amount of insurance applicable to said building structure for the peril causing the loss bears to 80% of the full replacement cost of such building structure.

. . . . .

d. When the full cost of repair or replacement is more than $1,000.00 or more than 5% of the whole amount of insurance applicable to said building structure for the peril causing the loss, *this company shall not be liable for any loss under paragraph a. or sub-paragraph (2) of paragraph b. of this condition unless and until actual repair or replacement is completed.*

The policy clearly states that if the total amount of insurance under the policy is not equal to 80 percent or more of the full replacement cost of the structure, the liability of the insurer is limited to the greater of the actual cash value of the damaged portion of the building, or a percentage of the replacement cost. Importantly, under a condition applicable here, subsection (d) precludes use of the latter means of valuation unless actual repair or replacement has been undertaken and accomplished. Thus the proper measure of damages under the policy would be the "actual cash value" of the damaged part of the structure.

■ We apply rules of construction to an insurance policy only when the terms are ambiguous or unclear. *State Farm Automobile Insurance Co. v. Malcolm,* 259 N.W.2d 833, 835 (Iowa 1977). Concluding that there is no ambiguity in the relevant portions of the policy, we must apply the plain language of the contract to the facts before us. The United States District Court for the Southern District of Iowa, when faced with litigation involving similar provisions, has reached a like conclusion. *Kolls v. Aetna Casualty and Surety Co.,* 378 F.Supp. 392, 398 (S.D.Iowa), *aff'd,* 503 F.2d 569 (8th Cir. 1974).

Although the precise manner in which damages were calculated is not clear from the record, the trial court evidently made its award based on a percentage of the replacement cost as it relates to the full amount of the insurance. The factors used by the district court correspond most closely to those expressed in subparagraph two of paragraph (b) of the policy excerpt set out above. No mention is made of "actual cash value", which should have been the measure of damages under the policy since paragraph (d) limits liability pursuant to subparagraph two to completed repairs or replacements.

We hold that the trial court erred in not measuring damages in a manner consistent with the unchallenged terms of the insurance policy, *i. e.*, in not determining "[t]he actual cash value of that part of the building structure damaged or destroyed". We must remand this case to the trial court for such a determination. In so doing we make no suggestion as to whether an "actual cash value" measure of damages would vary materially from those damages initially awarded in light of the breadth of the factors which may be considered by the court. *See Britven v. Occidental Insurance Co.*, 234 Iowa 682, 686–87, 13 N.W.2d. 791, 794 (1944).

In conclusion, we hold: (1) the trial court erred in awarding interest from the date of the fire loss when interest was not sought in the Garcias' cross-claim; and (2) the trial court erred in not determining damages in accord with the "actual cash value" standard expressly set out in the policy. We therefore reverse and remand this cause to the trial court for adjustment of the award in this case in keeping herewith.

REVERSED AND REMANDED.