647 So.2d 983 (1994)
STATE FARM FIRE AND CASUALTY COMPANY, et al., Appellants,
v.
Charles B. PATRICK, et al., Appellees.
No. 93-2779.
District Court of Appeal of Florida, Third District.
December 14, 1994.
Rehearing Denied January 18, 1995.
Hardeman & Suarez, P.A., Richard A. Warren, Miami, for appellants.
Michael S. Grossman & Assoc., P.A., and Jamie Grossman, Coconut Grove, for appellees.
Before BARKDULL, JORGENSON and GERSTEN, JJ.
PER CURIAM.
State Farm Fire and Casualty Company appeals from an order of partial summary judgment in favor of Charles B. Patrick and Charles B. Patrick, P.A. The trial court found that State Farm had wrongfully withheld $2,854.41 in depreciation from losses incurred as a result of Hurricane Andrew. We reverse.
Patrick had a replacement cost insurance policy on his property with State Farm. The insurance company estimated the cost of repair or replacement as $14,207.28. State Farm paid $11,102.87, withholding $250 for the deductible and $2,854.41 as "depreciation." Under the policy, State Farm was obligated to pay the withheld amount once the work was completed and Patrick had submitted a claim. Patrick, acting as his own contractor, finished the work for $11,034.86. State Farm refused his request to pay the additional amount as per the estimate. Patrick sued and recovered the judgment now on appeal. We hold that the trial court erred as a matter of law in ignoring the plain language of the replacement cost policy.
Replacement cost insurance is designed to cover the difference between what property is actually worth and what it would cost to rebuild or repair that property. It is insurance on a property's depreciation. Leo L. Jordan, What Price Rebuilding?, 19 ABA Fall Brief 17 (1990). Courts have almost uniformly held that an insurance company's liability for replacement cost does not arise until the repair or replacement has been completed. Id.; see, e.g., Tamco Corp. v. Federal Ins. Co. of New York, 216 F. Supp. 767 (N.D.Ill. 1963). Patrick's contract provides *984 that State Farm "will not pay for any loss on a replacement cost basis until the lost or damaged property is actually repaired or replaced... ."
Patrick argues that the partial withholding until the repair work is completed is prohibited by section 627.702(2), Florida Statutes (1991), and Florida caselaw. However, section 627.702(2) is not applicable because it covers only partial loss from fire or lightning; this case deals with wind damage.[1] The caselaw cited by Patrick is similarly inapplicable. In the absence of a specific prohibition to the contrary, the language of the contract is controlling.
Patrick also argues that State Farm should pay the total amount the insurance company estimated it would cost to repair or replace his property, despite the completion of the work for a lesser amount. However, the contract plainly provides that State Farm "will not pay more for loss in any one occurrence on a replacement cost basis than ... the amount you actually spend that is necessary to repair or replace the lost or damaged property." The issue also was squarely addressed in Kolls v. Aetna Casualty and Surety Co., 378 F. Supp. 392 (S.D.Iowa), aff'd, 503 F.2d 569 (8th Cir.1974). There, the insureds were paid $631,955 for the actual value of a destroyed shopping center. Depreciation was figured at $54,920. The insureds then scaled back the rebuilding and only spent $510,759.88. The court refused to order the payment of the withheld amount because the insureds had not spent more on the rebuilding effort than they received in payment for the actual value of the shopping center. "[T]he Replacement Cost Endorsement is not of value to the plaintiffs until they have expended an amount greater than what they could recover under the basic policy coverage... ." Kolls, 378 F. Supp. at 400.
Based on the plain language of the policy, we reverse.
NOTES
[1] This Court does not address the issue of whether an insurance company under section 627.702(2), Florida Statutes (1991), can withhold partial payment until after the repair work has been completed.