917 So.2d 1013 (2006)
NORMAN S. COHEN, M.D., P.A., d/b/a Vein Clinic and Circulation Center, a Florida corporation, Appellant,
v.
Joyce VINING, an individual, Appellee.
No. 1D05-658.
District Court of Appeal of Florida, First District.
January 5, 2006.
T. Geoffrey Heekin and Dana R. Blunt of Heekin, Malin & Wenzel, P.A., Jacksonville, for Appellant.
Eric S. Block, Jacksonville, for Appellee.
PER CURIAM.
Appellant seeks review of a summary final judgment entered against him in his *1014 action seeking damages allegedly stemming from appellee's having improperly divulged trade secrets and other propriety information to a third-party competitor. Having carefully reviewed the record, we conclude that appellant did not intend to abandon counts one through four of his amended complaint, and that appellee failed to carry her burden of demonstrating conclusively the absence of any genuine issue as to any material fact. Accordingly, we reverse.
The law regarding summary judgment is well-established:
[A] party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought.... A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law....
If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.
Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985) (citations omitted). Succinctly put, "[w]hen acting upon a motion for summary judgment, if the record raises the slightest doubt that material issues could be present, that doubt must be resolved against the movant and the motion for summary judgment must be denied." Jones v. Directors Guild of Am., Inc., 584 So.2d 1057, 1059 (Fla. 1st DCA 1991) (citations omitted). Here, viewing all reasonable inferences in favor of appellant, we are satisfied that genuine issues of material fact exist as to all counts of the amended complaint. Accordingly, we reverse the final summary judgment, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
WEBSTER, PADOVANO and LEWIS, JJ., concur.