934 So.2d 536 (2006)
CITIZENS PROPERTY INSURANCE CORPORATION, Appellant,
v.
Juan E. CEBALLO and Jacqueline Ceballo, Appellees.
No. 3D05-2259.
District Court of Appeal of Florida, Third District.
May 10, 2006.
*537 James M. Fishman, Miami, for appellant.
Mintz, Truppman, Clein & Higer and Keith A. Truppman, Miami, for appellees.
Before LEVY, RAMIREZ, and SUAREZ, JJ.
PER CURIAM.
Defendant-insurer, Citizens Property Insurance Corporation, appeals from a Partial Final Judgment in favor of the plaintiffs-homeowners, Juan and Jacqueline Ceballo, on their claim for payment under an Additional Coverage provision of their homeowner's insurance policy. We reverse and certify conflict.
The Ceballos' home was damaged in a fire. Citizens declared the home a total loss, admitted coverage, and paid the policy's face value on Coverage "A  Dwelling," of $125,000. The Ceballos filed suit to recover amounts for Additional Coverage provided in their policy in both the Coverage "A" section, and in the Special Provision  Florida Endorsement section. The Additional Coverage in the Coverage "A" section was for Debris Removal and Trees, Shrubs, and other Plants. The Additional Coverage in the Florida Endorsement section was for Ordinance or Law expenses. The complaint sought damages for breach of contract, claiming that although Citizens paid the policy limit of $125,000, it failed to make full payment of the Additional Coverage for Law and Ordinance of 25% of the policy limit ($31,250.00); for Debris Removal of 5% of the policy limit ($6,250.00); and for Trees, Shrubs, and Other Plants of 5% of the policy limit ($6,250.00). Citizens denied the allegations and asserted that it was not obligated to make payments of any amount pursuant to the Additional Coverage provisions until the losses covered in those provisions were incurred by the Ceballos. It was undisputed below that the Ceballos presented no evidence that they suffered a loss, i.e., incurred expenses, with regard to the coverage provided in the Additional Coverage provisions.
The Ceballos moved for partial summary judgment, arguing that because the property was a total loss as a result of a covered peril, under Florida's Valued Policy Law, section 627.702(1), Florida Statutes (2005),[1] and Mierzwa v. Florida Windstorm Underwriting Association, 877 So.2d 774 (Fla. 4th DCA 2004), they were entitled to the Additional Coverage payments in full, and in the absence of proof of incurred expenses. Relying upon Mierzwa, the trial court granted Partial Final Judgment in favor of the Ceballos on the Additional Coverage issue as it related to *538 the Law and Ordinance provision only.[2] The Ceballos were awarded the sum of $31,250.
We find that the trial court erred in granting Partial Final Judgment on the Law and Ordinance claim. The Ceballos are correct in their assertion that they are entitled to the Additional Coverage, for which they were charged and paid a premium.[3] However, as provided in the policy, they may receive a maximum of 25% of the limit of liability, only if they actually incur the covered expenses. Florida's Valued Policy Law does not alter this conclusion. To hold otherwise, and provide for damages in the absence of a loss, would be a windfall to the homeowners. We therefore reverse and remand for the Ceballos to present proof of incurred expenses consistent with the policy. Because this holding conflicts with that of the Fourth District in Mierzwa, we certify direct conflict with that decision.
Reversed and remanded; direct conflict certified.
NOTES
[1] 627.702. Valued policy law.

(1)(a) In the event of the total loss of any building, structure, mobile home as defined in s. 320.01(2), or manufactured building as defined in s. 553.36(12), located in this state and insured by any insurer as to a covered peril, in the absence of any change increasing the risk without the insurer's consent and in the absence of fraudulent or criminal fault on the part of the insured or one acting in her or his behalf, the insurer's liability under the policy for such total loss, if caused by a covered peril, shall be in the amount of money for which such property was so insured as specified in the policy and for which a premium has been charged and paid.
[2] That provision, contained in the Special Provisions-Florida endorsement page reads, in relevant part:

SECTION 1  ADDITIONAL COVERAGES
11. Ordinance or Law
a. You may use up to twenty five percent (25%) of the limit of liability that applies to COVERAGE A for the increase costs you incur due to the enforcement of any ordinance or law which requires or regulates:
(1) The construction, demolition, remodeling, renovation or repair of that part of a covered building or other structure damaged by a PERIL INSURED AGAINST; or
(2) The demolition and reconstruction of the undamaged part of a covered building or other structure, when that building or other structure must be totally demolished because of damage by a PERIL INSURED AGAINST to another part of that covered building or other structure; or
(3) The remodeling removal or replacement of the portion of the undamaged part of a covered building or other structure necessary to complete the remodeling, repair or replacement of that part of the covered building or other structure damaged by a PERIL INSURED AGAINST.
[3] In his brief, and at oral argument, Citizens' counsel conceded that Citizens does not dispute entitlement to payments once the cost for which coverage is provided under the policy is actually incurred.