943 So.2d 264 (2006)
AMERIL CORPORATION, Appellant,
v.
NEW YORK REGIONAL RAIL CORPORATION f/k/a Best Sellers Group, Inc., Appellee.
No. 3D06-242.
District Court of Appeal of Florida, Third District.
November 15, 2006.
Rones and Navarro and Victor K. Rones, North Miami Beach, for appellant.
Stormie Stafford, Miami, for appellee.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.
WELLS, Judge.
Ameril Corporation filed a three count complaint against N.Y. Regional Rail Corporation seeking recovery on three promissory notes. N.Y. Regional answered the complaint arguing that Ameril had no right to enforce the notes due to an earlier assignment, and also that recovery on one of the notes was barred by the statute of limitations. Notwithstanding evidence submitted by Ameril putting into question both of these assertions, the trial court entered final summary judgment in N.Y. Regional's favor. Because we conclude that questions of fact remain as to both ownership of the notes and application of the statute of limitations, we reverse the summary judgment ordered below:
The law regarding summary judgment is well-established:
[A] party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought . . . A summary judgment should not be granted unless the facts *265 are so crystallized that nothing remains but questions of law . . .
If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.

Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) (citations omitted). Succinctly put, "[w]hen acting upon a motion for summary judgment, if the record raises the slightest doubt that material issues could be present, that doubt must be resolved against the movant and the motion for summary judgment must be denied." Jones v. Directors Guild of Am., Inc., 584 So.2d 1057, 1059 (Fla. 1st DCA 1991) (citations omitted).
Norman S. Cohen, M.D., P.A. v. Vining, 917 So.2d 1013, 1014 (Fla. 1st DCA 2006); see also Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 643 (Fla. 1999)("It is a well-settled principle of Florida jurisprudence that summary judgment should not be granted unless the facts are so clear and undisputed that only questions of law remain."); University of Miami v. Bogorff, 583 So.2d 1000, 1005 (Fla. 1991)("A summary judgment is properly rendered only upon showing a complete absence of any genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.").
Reversed and remanded.