967 So.2d 811 (2007)
Juan E. CEBALLO, et al., Petitioners,
v.
CITIZENS PROPERTY INSURANCE CORPORATION, Respondent.
No. SC06-1088.
Supreme Court of Florida.
September 20, 2007.
*812 Lauri Waldman Ross of Lauri Waldman Ross, P.A., Miami, FL, and Keith A. Truppman of Mintz and Truppman, P.A., North Miami, FL, for Petitioners.
James M. Fishman of James M. Fishman, P.A., Miami, FL, for Respondent.
Louis K. Rosenbloum of Louis K. Rosenbloum, P.A., Pensacola, FL, on behalf of the Academy of Florida Trial Lawyers
Elizabeth K. Russo of Russo Appellate Firm, P.A., Miami, FL, on behalf of State Farm Florida Insurance Company, as Amici Curiae.
ANSTEAD, J.
This case is before the Court for review of the decision of the Third District Court of Appeal in Citizens Property Insurance Corp. v. Ceballo, 934 So.2d 536 (Fla. 3d DCA 2006). The district court certified that its decision is in direct conflict with the decision of the Fourth District in Mierzwa v. Florida Windstorm Underwriting Ass'n, 877 So.2d 774 (Fla. 4th DCA 2004). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. The Third District in Ceballo held that entitlement to a recovery under a supplemental ordinance and law provision of a homeowner's policy was not affected by Florida's Valued Policy Law (VPL), and such coverage required the insured to demonstrate an actual loss before payment was required. Ceballo, 934 So.2d at 538. For the reasons stated below, we approve the decision of the Third District and hold that the VPL, section 627.702, Florida Statutes (2004), does not override the language of a policy as it relates to supplemental coverage.

ANALYSIS
In the present case, the Ceballos lost their home to a fire  a covered peril under their homeowner's insurance policy with Citizens Property Insurance. The home was declared a total loss, and Citizens paid the face value of the policy. That coverage is not at issue herein. However, payment under a supplemental coverage is in dispute.
The relevant section of the Ceballos' supplemental policy endorsement provides:
11. Ordinance or Law
a. You may use up to twenty-five percent (25%) of the limit of liability that applies to COVERAGE A for the increase [sic] costs you incur due to the enforcement of any ordinance or law which requires or regulates:
(1) The construction, demolition, remodeling, renovation or repair of that part of a covered building or other structure damaged by a PERIL INSURED AGAINST; or
(2) The demolition and reconstruction of the undamaged part of a covered building or other structure, when that building or other structure must be totally demolished because of damage by a PERIL INSURED AGAINST to another part of that covered building or other structure; or
(3) The remodeling removal or replacement of the portion of the undamaged part of a covered building or other structure necessary to complete the remodeling, repair or replacement of that part of the covered building or other structure damaged by a PERIL INSURED AGAINST.
*813 While the parties agree that the Ceballos are entitled to recovery under this supplemental ordinance and law provision of the policy, they disagree on whether the insured must first show proof of an actual loss in order to recover under that provision. The Ceballos contend that because they have met the burden of demonstrating a total loss under the VPL, they should receive the policy limits of the supplemental coverage without establishing that they actually incurred any additional loss or expense. In rejecting this position, the Third District concluded that "[t]he Ceballos are correct in their assertion that they are entitled to the Additional Coverage, for which they were charged and paid a premium. However, as provided in the policy, they may receive a maximum of 25% of the limit of liability, only if they actually incur the covered expenses." 934 So.2d at 538 (footnote omitted). The district court certified that its decision as to the supplemental coverage was in conflict with the decision of the Fourth District in Mierzwa. Id.
In Mierzwa, the Fourth District first interpreted the plain meaning of the VPL statute to require a homeowner's insurer to pay the face value of the policy, even when part of the total loss was caused by a non-covered peril, and even though the insured was covered under another policy for that peril. 877 So.2d at 775-76. As noted above, that issue is not before us in this proceeding.[1] As in Ceballo, however, the Fourth District also considered the issue of supplemental coverage under the Mierzwas' policy. Specifically, as to that coverage, the Fourth District stated, "The owner has established beyond any question its entitlement to the additional 25% in benefits under the ordinance or law coverage." 877 So.2d at 780. Apparently, because the Fourth District decision contains no discussion of any requirement of the insureds to demonstrate an actual loss, the Third District interpreted this language from Mierzwa as conflicting with its holding that an insured must incur an actual loss in order to recover under a supplemental coverage. The Third District certified conflict with this portion of the decision of the Fourth District. Ceballo, 934 So.2d at 538.

Valued Policy Law
Florida's VPL was originally enacted in 1899 to promote clarity and predictability for property insurers and insureds alike by predetermining the value of insured real property and having that value set out in the policy of insurance. Ch. 4677, §§ 1-2, Laws of Fla. (1899). The principal object and purpose of Florida's VPL is to fix the measure of damages payable to the insured in case of total loss. Springfield Fire & Marine Ins. Co. v. Boswell, 167 So.2d 780, 783 (Fla. 1st DCA 1964). The parties are in agreement here that the Ceballos have met the requirements under the statute to collect the face amount of the policy; however, they dispute whether the reference to face value in the statute also includes any supplemental coverages, thereby entitling an insured to automatic recovery of the face amount of the supplemental coverage without the need to demonstrate that a specific loss was incurred beyond the loss of the insured's home.
Black's Law Dictionary defines coverage as "[i]nclusion of a risk under an insurance policy." Black's Law Dictionary 394 (8th ed. 2004). A risk is defined as "[t]he type of loss covered by a policy; a hazard from a specified source." Id. at 1353. In the instant case, for example, the primary *814 risk insured against is loss and damage to the home. Typically, supplemental or additional coverage, however, is the addition to an insurance policy of a different type of loss beyond the primary risk already covered and for which the policy was designed. Logically, before an insured can add additional coverage to a policy, that policy must contain some base, standard, or initial coverage that may be augmented by additional coverage. Though related, each coverage protects against a separate covered loss or hazard. Similarly, each coverage defines the "amount and extent" of the insurer's liability for the covered risk. See Black's Law Dictionary 365 (6th ed. 1990).
The plain language of Florida's VPL, section 627.702, Florida Statutes (2004), requires an insurer to pay that amount listed on the face of the policy in the event of a total loss without the necessity of any additional proof of the actual value of the loss incurred. Further, "face value" means the value which can be ascertained from the language of the instrument without aid from extrinsic facts or evidence. Investors' Syndicate v. Willcuts, 45 F.2d 900, 902 (D.Minn.1930), rev'd on other grounds, 57 F.2d 811 (8th Cir.1932). Florida's VPL specifically states that it does not apply to "any coverage or claim in which the dollar amount of coverage available as to the structure involved is not directly stated in the policy as a dollar amount specifically applicable to that particular structure." § 627.702(5), Fla. Stat. (2004). Since the supplemental coverage provisions in the Ceballos' policy do not directly state a dollar amount, but instead state only the maximum percentage of the limit of liability, the VPL does not apply to that coverage. Of course, the major purpose of the VPL is to require an actual dollar amount of coverage be designated in the policy as the value of a structure in order to remove any uncertainty as to the amount an insured is entitled to recover for a total loss of the structure. That purpose is generally unrelated to additional or supplemental coverage that may be offered by an insurer to an insured.
We conclude that the primary purpose and essential rationale of the VPL in bringing certainty to the value insured simply does not extend to supplemental coverage that may be provided in the same policy. In other words, the perceived need to bring certainty to claims for a total loss of an insured's home does not extend to the resolution of claims under supplemental coverage. In this case, for example, the obligation to pay a claim under the supplemental coverage may well vary depending on the specific requirements of the ordinances or laws governing the rebuilding or demolition of an insured structure, and those laws may vary from place to place. Some insureds may incur such costs while others may not, and the costs themselves may vary. Under these circumstances, and unlike the issue of establishing an agreed insurable value for a destroyed residence, it would make little sense for mandating the payment of the maximum limits of coverage provided for a supplemental coverage regardless of the actual loss.
Further, supplemental insurance has not been considered by courts as being limited to or dependent upon the face value of the policy. See Bonito v. Cambridge Mut. Fire Ins. Co., 64 Conn.App. 487, 780 A.2d 984, 988 (2001) (replacement cost endorsement did not alter the policy limits, but provided additional coverage that could exceed the limit of liability); Marchman v. Grange Mut. Ins. Co., 232 Ga.App. 481, 500 S.E.2d 659, 660 (1998) (replacement cost rider did not increase the face value of the policy; insured not entitled to $125,000 plus $70,000); Trible v. Tower Ins. Co., 43 Wis.2d 172, 168 N.W.2d 148, 157 (1969) (stating that the VPL "applies only to the *815 described premises and that the value of losses covered by additional insurance must be proven"). Further, "[c]ourts have almost uniformly held that an insurance company's liability for replacement cost does not arise until the repair or replacement has been completed." State Farm Fire & Casualty Co. v. Patrick, 647 So.2d 983 (Fla. 3d DCA 1994) (citing Leo John Jordan, What Price Rebuilding?, Brief, Fall 1990, at 17; Tamco Corp. v. Fed. Ins. Co. of N.Y., 216 F.Supp. 767 (N.D.Ill. 1963)).
Instructively, the United States District Court in and for the Northern District of Florida in Langhorne v. Fireman's Fund Insurance Co., 432 F.Supp.2d 1274 (N.D.Fla.2006), has considered the issue before us and explained that "because to date plaintiff has not `actually expended' any amount to repair, rebuild, or replace his dwelling, defendant has no obligation to pay him under the [Extended Replacement Cost Coverage] endorsement" that provided coverage of up to an additional 100% of the face value of the policy. Id. at 1279. Similarly, in the present case, the Third District ruled that Citizens has written the policy to require the insured to incur the loss before receiving additional payments under the supplemental law and ordinance coverage. The district court explained:
The Ceballos are correct in their assertion that they are entitled to the Additional Coverage, for which they were charged and paid a premium. However, as provided in the policy, they may receive a maximum of 25% of the limit of liability, only if they actually incur the covered expenses. Florida's Valued Policy Law does not alter this conclusion. To hold otherwise, and provide for damages in the absence of a loss, would be a windfall to the homeowners. We therefore reverse and remand for the Ceballos to present proof of incurred expenses consistent with the policy.
Ceballo, 934 So.2d at 538 (footnote omitted). We agree with the Third District's analysis. The Ceballos were entitled to, and received, the face value of their insurance policy for the loss of their home, but that loss does not affect their obligation to show that they have incurred an additional loss in order to recover under the supplemental coverage. Citizens' counsel conceded in oral argument that "to incur" means to become liable for the expense, but not necessarily to have actually expended it. We agree. However, we also agree with Citizens that the VPL does not mandate the payment of the policy limits of the additional coverage without proof of loss where the unambiguous language of the policy requires such proof.

Conclusion
We approve the decision of the Third District below, and we disapprove of those portions of the decision in Mierzwa which conflict with this opinion.
It is so ordered.
LEWIS, C.J., and WELLS, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] We have disapproved of that holding in Mierzwa in Florida Farm Bureau Casualty Insurance Co. v. Cox, No. SC06-2494, 967 So.2d 815, 821 (Fla. Sept. 20, 2007).