VAN NORTWICK, J.
 

 Citizens Property Insurance Corporation appeals a final summary judgment entered in favor of James Mallett and Martha Mallett, appellees, which orders Citizens to pay the full policy limits of the homeowner’s insurance policy issued to the Malletts. The Malletts cross-appeal, arguing that the trial court erred in awarding prejudgment interest from the date of partial summary judgment, rather than the date the covered property was damaged by a hurricane. For the reasons that follow, we reverse the issues raised on appeal and affirm the issues raised on cross-appeal.
 

 Hurricane Ivan struck Pensacola on September 16, 2004, causing substantial damage to the area. The residence owned by the Malletts suffered extensive damage from wind and water. The policy issued by Citizens did not cover water damage, although the Malletts did possess separate flood insurance and recovered $244,745.95 for water damage under that policy. The policy issued by Citizens listed the value of the Malletts’ residence at $561,000. Citizens determined that the Malletts’ residence sustained wind damage totaling $182,279.95 and paid the Malletts that amount.
 

 The Malletts filed suit seeking payment of the full amount of the insured value of the property, arguing that they sustained a “constructive total loss” since the local government, the Santa Rosa Island Authority, had found the damage to the property to exceed fifty percent of its value. Citizens denied any additional liability and raised several affirmative defenses. The Malletts moved for summary judgment on the claim for the total policy limit as well as them claim for damages for coverage under the debris removal clause and the so-called “law and ordinance” clause of the policy.
 
 [1]
 
 After a hearing, the trial court granted summary judgment in favor of the Malletts on two of their three claims. The trial court explained:
 

 Taking all of the above, this Court finds that [the Malletts’] home was substantially damaged by the peril of wind.... The Valued Policy Law and the
 
 Mierz-iva
 
 decision hold that when a property is rendered total loss and the insurer is liable under the insurance policy to pay any amount, it is liable for the full policy limit. In this case, [the Malletts] have further shown that substantial damage was reached by damage attributable to wind alone. [Citizens has] not submitted any evidence to the contrary.
 

 In granting summary judgment, the trial court relied heavily on
 
 Mierzwa v. Florida Windstorm Underwriting Ass’n,
 
 877 So.2d 774 (Fla. 4th DCA 2004), in which the District Court held that, under the Valued Policy Law (VPL), section 627.702(1), Florida Statutes, an insurer must pay the face amount of a policy if the insurer is liable for any damage caused by a covered peril and if the insureds premises is deemed a total loss. 877 So.2d at
 
 *555
 
 775-76.
 
 [2]
 
 In
 
 Florida Farm Bureau Casualty Insurance Company v. Cox,
 
 943 So.2d 823 (Fla. 1st DCA 2006), this court accepted the reasoning of
 
 Mierztva
 
 and held that an insurer is liable for the total loss of a home even when the total loss cannot be wholly attributed to a covered peril. We certified the following question of great public importance to the Florida Supreme Court:
 

 Does section 627.702(1), Florida Statutes (2004), referred to as the valued policy law, require an insurance carrier to pay the face amount of the policy to an owner of a building deemed a total loss when the building is damaged in part by a covered peril but is significantly damaged by an excluded peril?
 

 Id.
 
 at 847.
 

 The Supreme Court answered the certified question in the negative, quashed the
 
 Cox
 
 decision, and disapproved the decision in
 
 Mierzwa. Florida Farm Bureau Cas. Ins. Co. v. Cox,
 
 967 So.2d 815 (Fla.2007). The Supreme Court explained:
 

 Contrary to the conclusion of the district court, we do not find that the plain language of the [VPL] statute intends that if a covered peril causes part of a total loss, that the insurer is mandated to pay for the total loss. Of particular importance, the VPL does not mention causation. Section 627.702 does not establish any requirement for an insurer to pay for excluded or noncovered perils. We read the plain language of the statute not to reasonably support such an interpretation. The beginning phrase states: “In the event of the
 
 total
 
 loss ... as to a
 
 covered
 
 peril.... ” § 627.702(1), Fla. Stat. (2004) (emphasis added). Throughout section 627.702(1), the Legislature repeatedly relies upon the terms of the parties’ insurance contract and discusses only covered perils. Section 627.702(1) explicitly states that “[i]n the event of the total loss of any building ... insured by any insurer as to a covered peril ..., the
 
 insurers liability,
 
 if any,
 
 under the policy for such total loss
 
 shall be in the amount of money for which such property was so insured as specified in the policy
 
 and for which, a premium has been charged and, paid.”
 
 § 627.702(1), Fla. Stat. (2004).
 

 Id.
 
 at 820 (italics in original);
 
 see also Citizens Prop. Ins. Corp. v. Ueberschaer,
 
 979 So.2d 929 (Fla.2008). The summary judgment on appeal is expressly contrary to the holding in
 
 Cox,
 
 and accordingly, we reverse that part of the summary judgment granting the Malletts additional compensation for the damage sustained to their residence not solely attributable to wind.
 
 See also Citizens Prop. Ins. Corp. v. Manning,
 
 966 So.2d 486 (Fla. 1st DCA 2007).
 

 The trial court here also ruled that the Malletts were entitled to $23,144.08 under the supplemental provision of the policy which provided coverage for debris removal. On appeal, Citizens argues that the record does not establish that such an amount is attributable to the removal of debris caused by wind. In response, the Malletts argue that if their residence is deemed a constructive total loss as a result of wind alone, then the amount awarded for the debris removal coverage as well as for coverage under the law and ordinance provision must be affirmed.
 

 
 *556
 
 At the summary judgment stage, a trial court is to enter a judgment only when no issues of fact remain.
 
 See Cohen v. Vining,
 
 917 So.2d 1013 (Fla. 1st DCA 2006). The standard of review regarding the grant of final summary judgment is
 
 de novo. Fayad v. Clarendon Nat’l Ins. Co.,
 
 899 So.2d 1082 (Fla.2005). Here, because the record before us does not exclusively establish that the debris removal costs were attributable solely to wind, a question of fact remains as to how much Citizens is obliged to pay under the debris removal coverage.
 
 See Ceballo v. Citizens Prop. Ins. Corp.,
 
 967 So.2d 811, 815 (Fla. 2007)(“the VPL does not mandate the payment of the policy limits of the additional coverage without proof of loss where the unambiguous language of the policy requires such proof’).
 

 Similarly, the trial court held the Malletts were entitled to $140,250 under the law and ordinance provision of the policy, although the trial court acknowledged in the final summary judgment that Citizens did not agree that the Malletts were entitled to an award under this provision. Again, as the Supreme Court explained in
 
 Ceballo,
 
 payment of the policy limits is not required without proof of loss where the unambiguous language of the policy requires such proof. 967 So.2d at 815. Because the record before us does not exclusively establish that the costs required to bring the residence into compliance with the applicable building code were attributable solely to wind,
 
 Ceballo,
 
 a question of fact remains as to the amount Citizens is obliged to pay under this provision; we therefore remand for resolution of this material issue of fact.
 

 On cross-appeal, the Malletts argue that the trial court erred in awarding prejudgment interest as of the date of the partial summary judgment rather than from the date their residence was damaged by the hurricane, September 16, 2004. As to the award of prejudgment of interest under Coverage A, the cross-appeal is moot given our recognition that
 
 Cox
 
 precludes an award beyond what has already been paid by Citizens. As for the amount awarded by the trial court under the supplemental policy provisions, we find no error. The policy issued to the Mal-letts provides that Citizens was not obliged to pay a claim for debris removal or law and ordinance coverage until twenty days after it reached a written agreement with the Malletts, or sixty days after entry of a final judgment on the claim or after the filing of an appraisal award or mediation settlement with Citizens. It is the terms of a contract for insurance which determine the date from which the coverage payment is due, as well as when interest is due on the amounts payable.
 
 See Lumbermens Mut. Cas. Co. v. Percefull,
 
 653 So.2d 389 (Fla.1995).
 

 AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
 

 HAWKES, C.J., concurs, and BENTON, J., concurs in judgment.
 

 [1]
 

 . The law and ordinance coverage under the policy provides reimbursement for up to 25% of dwelling policy limits for increased repairs and replacement costs incurred by the insured to comply with requirements of the applicable laws and ordinances regulating construction or repair of property.
 
 See, e.g.,
 
 § 627.7011(1)(b), Fla. Stat. (2004).
 

 [2]
 

 . After
 
 Mierzwa
 
 was decided, the Florida Legislature amended the VPL to expressly provide that when a loss is caused in part by a covered peril, the insurer's liability is limited to the amount of the loss attributable to the covered peril. § 627.702(l)(b), Fla. Stat. (2005).