WARNER, J.
The appellant challenges a final summary judgment in favor of his insurance company in a declaratory judgment action in which he contended that he was entitled to an appraisal of “Ordinance and Law” coverage based on roof damage caused by a hurricane. “Ordinance and Law” is the cost of bringing any structure (here, the roof) into compliance with applicable ordinances or laws.[1] The insurance company contended that in a prior proceeding all of the appellant’s damages had been appraised. We reverse the trial court’s summary judgment, because the prior proceeding had not appraised Ordinance and Law coverage, nor could it because none had been incurred at the time of the appraisal.
Appellant Jossfolk submitted a claim to his insurance company, appellee, United Property & Casualty Insurance Company (“United”), alleging that his insured property was damaged in Hurricane Wilma. United found no wind related damages but paid for other damages. Jossfolk disputed the amount and requested that the claim be submitted to appraisal. Each party appointed an appraiser, and the two selected a neutral appraiser. The neutral appraiser submitted a proposed appraisal for *112 damages but excluded roof repair. Joss-folk’s appraiser objected to the proposed award because it did not include Ordinance and Law coverage for replacement of the roof, which Jossfolk’s appraiser believed was necessary, based upon his belief that the building department would not allow for any repair of the roof without meeting the current code. The neutral appraiser ultimately increased the award on other damages and allowed for the removal and replacement of two squares of concrete tile roof (220 square feet). The award stated that “Ordinance and Law” was “not appraised.” United made payment to Joss-folk for the amount of the award.
Jossfolk’s contractor then applied to the City of Weston (“the City”) for a roofing repair permit in which he claimed 1359 square feet or about 34% of the roof area needed repair. The roofing repair permit was rejected by the City because the repair exceeded the area allowed by the building code of 25% of the total roof area which could be repaired without requiring replacement of the entire roof system to conform to the current code.
Thereafter, Jossfolk’s representative requested United to pay for the entire roof repair under Ordinance and Law coverage. United responded that “this claim was settled in appraisal on April 27, 2009 in which the umpire rejected your request for law and ordinance.” (Emphasis supplied). As a result, Jossfolk filed a Declaratory Judgment action, seeking a ruling that United must participate in an appraisal for Ordinance and Law coverage. United answered and moved for summary judgment arguing in its motion that the prior appraisal did not include loss for Ordinance and Law coverage; therefore, Jossfolk was not entitled to an appraisal. The trial court granted the motion for summary judgment without making a declaration of Jossfolk’s rights. He appeals.
Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. The standard of review is de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
Although United argued that the arbitration code should apply to this appraisal process, Allstate Insurance Co. v. Suarez, 833 So.2d 762 (Fla.2002), holds that appraisal clause was not an agreement to arbitrate, and the formal procedures of the Arbitration Code are inapplicable. Thus, we reject United’s contention that the only way Jossfolk can challenge the arbitration award is through section 682.13(1), Florida Statutes,[2] within the Arbitration Code. See also Citizens Prop. Ins. Corp. v. Cuban-Hebrew Congregation *113 of Miami, Inc., 5 So.3d 709, 712 (Fla. 3d DCA 2009) (citing Suarez, 833 So.2d at 763-66) (“The Florida Supreme Court has held that the Florida Arbitration Code is not applicable to appraisal cases.”).
While United argued that the appraisers denied Ordinance and Law coverage, we conclude that it is clear from the award, as the appraisers stated, Ordinance and Law coverage was “not appraised.” This is consistent with Ceballo v. Citizens Property Insurance Corp., 967 So.2d 811 (Fla.2007), which is determinative of this issue. The Ceballos lost their home to a fire, and Citizens paid the face value of the policy. The Ceballos then sought payment under a supplemental coverage for Ordinance and Law. The parties agreed that the Ceballos were entitled to recover under this supplemental coverage but disagreed as to whether they had to first show an actual loss in order to recover under that provision. The Third District found that there had to be actually incurred expenses in order for them to recover. The Supreme Court agreed: the Ceballos had received the face value for the loss of their home, but that loss did not affect their obligation to show that they incurred an additional loss in order to recover under the supplemental coverage. As the supreme court noted, “‘to incur’ means to become liable for the expense, but not necessarily to have actually expended it.” 967 So.2d at 815.
Ceballo supports Jossfolk’s contention that Ordinance and Law is not recoverable until it is incurred and thus could not have been appraised at the time of the original appraisal. Here, at the time of the original appraisal, Jossfolk had not applied for repairs of the roof. Thus, he had not incurred or become liable for any additional expense until the City had required compliance with current ordinances in order to complete repairs. It was at that point, according to Ceballo that Jossfolk incurred additional loss, for which he had the right to an appraisal.
United also argues that Ordinance and Law coverage is not implicated, because the appraisers allowed for only two square feet of tile replacement, which was considerably less than the 25% of total area which would trigger the City’s requirement that the entire roof be replaced to current ordinance standards. This was not a ground argued by United in its motion for summary judgment. Nevertheless, Jossfolk offered an affidavit from its general contractor stating that the City would require replacement because the original roof tiles were no longer made and could not be replaced. Thus, the evidence did not conclusively refute the factual issues in this case.
For these reasons, we reverse the final summary judgment and remand for further proceedings.
CIKLIN, J, and BLANC, PETER, Associate Judge, concur.

. “Ordinance and Law” coverage was explained in Citizens Property Insurance Corp. v. Mallett, 7 So.3d 552, 554 n. 1 (Fla. 1st DCA 2009):
[L]aw and ordinance coverage under the policy provides reimbursement for up to 25% of dwelling policy limits for increased repairs and replacement costs incurred by the insured to comply with the requirements of the applicable laws and ordinances regulating construction or repair of property. See, e.g., § 627.701 l(l)(b), Fla. Stat. (2004).

. Section 682.13(1) provides:
(1) Upon application of a party, the court shall vacate an award when:
(a) The award was procured by corruption, fraud or other undue means.
(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party.
(c) The arbitrators or the umpire in the course of her or his jurisdiction exceeded their powers.
(d) The arbitrators or the umpire in the course of her or his jurisdiction refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to tire controversy or otherwise so conducted the hearing, contrary to the provisions of s. 682.06, as to prejudice substantially the rights of a party.
(e)There was no agreement or provision for arbitration subject to this law, unless the matter was determined in proceedings under s. 682.03 and unless the party participated in the arbitration hearing without raising the objection.
But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.