DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SUSAN I. PEDERSEN,**
Appellant,

v.

**CITIZENS PROPERTY INSURANCE CORPORATION,**
Appellee.

No. 4D12-4264

[February 4, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale Ross, Judge; L.T. Case No. 07-19041 CACE 08.

Douglas R. Bell of the Law Offices of Bell & Bell, Fort Lauderdale, for appellant.

Kara Berard Rockenbach of Methe & Rockenbach, P.A., West Palm Beach, and Cory S. Laufer of Laufer & Laufer, P.A., Boca Raton, for appellee.

STEVENSON, J.

This case arose from the residential destruction wrought by Hurricane Wilma in October 2005. The insured, Susan Pedersen, challenges a final summary judgment in favor of Citizens Property Insurance Corporation in an action to compel Citizens to engage in the appraisal process for windstorm damage. Because the insurer participated in the appraisal process after the lawsuit was filed, but not *because* of the lawsuit as will be explained, and nothing remained to be done in relation to the relief requested, we affirm.

The Dwelling Wind Only policy issued for the insured's residence provided that, in the event the parties failed to agree on any "amount of loss," either party could demand that the policy's appraisal process be instituted. After a few exchanges between the insured and Citizens failed to settle the amount of the loss, the insured demanded arbitration. Citizens stated that it needed a detailed estimate of the damages before it could proceed to arbitration. The insured then filed suit to compel arbitration. During the pendency of the litigation, the parties engaged in

the appraisal process after the insured, at the direction of the trial court, provided Citizens the detailed estimates it had earlier requested. Essentially, Citizens argued that providing the detailed estimates was a post-loss obligation of insured, and Citizens needed that documentation before it could proceed with arbitration. The selected umpire awarded $154,736.78 for building damages and, additionally, provided for ordinance or law damage[1] "if incurred." Citizens subsequently paid the appraisal award entitling Pedersen to $154,736.78 for building damages.

After the appraisal was completed, Citizens moved for summary judgment on the basis that the insured had received the requested appraisal, the building damages award had been paid, and there was no evidence of any ordinance and law damage. The insured resisted summary judgment and argued, among other things, that the issue of ordinance or law damages under the policy had yet to be resolved. The trial court granted summary judgment in favor of Citizens on appellant's suit to compel arbitration. We affirm.

In granting summary judgment in favor of the insurer, the trial court implicitly found that the insured failed to provide the insurer with sufficient detailed estimates of the claimed loss prior to filing suit to compel arbitration. Under the facts of this case, we find no error in this finding. Additionally, at the time the trial court entered summary judgment, nothing remained to be done—the appraisal which the insured sought was completed, the award for building damage had been paid, and there was no evidence in the record that the insured had actually "incurred" any ordinance or law damages. It is well-settled in the law, and the policy language makes clear, that the recovery of supplemental ordinance or law damages is predicated on the insured having "incurred" such expenses. *See Ceballo v. Citizens Prop. Ins. Corp.*, 967 So. 2d 811, 815 (Fla. 2007) (the court explained that "'to incur' means to become liable for the expense, but not necessarily to have actually expended it").

Lastly, we note that, here, the initial building damage appraisal was done, but the *amount of loss* for ordinance or law damage was not determined in that proceeding. Accordingly, our decision is without prejudice for the insured to seek recompense for any incurred ordinance or law damage; unfortunately, should the parties fail to agree on amount, an additional arbitration to set the amount of loss may be required. *See Jossfolk*, 110 So. 3d at 113 (explaining that ordinance and law damage is

---

[1] Ordinance and law damages refer to "the cost of bringing any structure . . . into compliance with applicable ordinances or laws." *Jossfolk v. United Prop. & Cas. Ins. Co.,* 110 So. 3d 110, 111 (Fla. 4th DCA 2013).

ordinarily not ripe for determination at the original appraisal since it is recoverable only when the insured actually incurs or becomes liable for additional expenses in "compliance with current ordinances in order to complete repairs") (citing *Ceballo v. Citizens*).

We have considered the other issues raised by the insured on appeal but find no error.

*Affirmed.*

LINDSEY, NORMA SHEPARD, Associate Judge, concurs.
WARNER, J., concurs specially with opinion.

WARNER, J., concurring specially.

I agree with the majority opinion. I simply add that our affirmance without prejudice to the insured seeking ordinance and law damage is at the invitation of the appellee who, at oral argument, suggested that appellant could claim such damages, and the appellee would not assert a statute of limitations claim as to any such damages.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***