593 So.2d 570 (1992)
INDEPENDENT FIRE INSURANCE COMPANY, Appellant,
v.
Jacques LUGASSY and Debra Lugassy, Appellees.
Nos. 90-267, 90-308.
District Court of Appeal of Florida, Third District.
February 4, 1992.
Rehearing Denied March 17, 1992.
*571 Arthur J. Morburger, Weinstein, Bavly & Moon and Alvin N. Weinstein, Miami, for appellant.
Ferrell, Cardenas, Fertel, Rodriguez & Mishael, Miami, Friend, Fleck & Gettis, South Miami, Evan J. Langbein, Miami, for appellees.
Before HUBBART, FERGUSON and GODERICH, JJ.
FERGUSON, Judge.
Independent Fire Insurance Company appeals a final judgment which awards its insureds, the Lugassys, damages for personal property losses, and the loss of use of their home, due to a fire. As we find substantial competent evidence to support the jury verdict, we need only address a collateral issue raised by the appellants  the award of $31,956 in prejudgment interest.
Independent, the insurer, claims that by awarding prejudgment interest calculated from the date of the fire, the trial court ignored established law, as well as the express terms of the policy. We hold that because the insurer breached the contract by denying liability, the award of prejudgment interest was proper. The facts, briefly stated, are as follows:
The payment of benefits provision of the insurance policy between the Lugassys and Independent provided:
We will adjust all losses with you. Loss will be payable 60 days after we receive your proof of loss and:
A. reach an agreement with you
B. there is an entry of final judgment, or
C. there is a filing of an appraisal award with us.
Proof of loss was received on July 1, 1986. It is undisputed that the parties never reached an agreement or filed an appraisal award. Independent denied the Lugassys' claim forcing the Lugassys to litigate the claim for benefits under the policy. The jury found in the Lugassys' favor and a judgment was entered on December 1, 1989.
The insurer contends that under the express terms of the policy, its obligation to pay benefits never arose until the court entered its final judgment ordering payment. As such, it argues, Independent has no obligation to pay prejudgment interest. We disagree.
An insurer is liable for prejudgment interest on the amount payable for an insured fire loss on the theory that failure to pay within the time frame contemplated *572 by the agreement constitutes a breach of a contract to pay money. Annotation, Insured's Right to Recover from Insurer Prejudgment Interest on Amount of Fire Loss, 5 A.L.R. 4th 126 (1981); Underwriters Ins. Co. v. Kirkland, 490 So.2d 149 (Fla. 1st DCA 1986). The question presented here is from what date does the obligation to pay prejudgment interest commence.
Generally, interest on a loss payable under an insurance policy is recoverable from the time payment is due under the terms of the policy. (Frequently this date is 60 days after proof of loss has been furnished.) See generally Restatement Law of Contracts § 337 (1932) (interest is allowed from the time performance was due under the contract). The general rule may not be applicable where there is a denial by an insurer of its liability for loss under the policy. 15 Couch on Insurance 2d § 54:206 (Rev. ed. 1983).
Many courts hold that if the insurer denies liability, interest begins to run from the date of the loss, even where the policy provides for payment at a later date. 6A J. Appleman, Insurance Law & Practice § 4024 (1972); 44 Am.Jur.2d Insurance § 1523 (1982). According to that established line of authority, the policy provision relating to the time of payment of benefits, and thus the insurer's liability for interest, is rendered immaterial by the insurer's denial of liability. See, e.g., Maier Brewing Co. v. Pacific Nat'l Fire Ins. Co., 33 Cal. Rptr. 67, 73, 218 Cal. App.2d 869 (1963) (it is a well-recognized rule that an insurer may not deny all liability and, at the same time, be permitted to stand on a provision inserted in the policy for its benefit); John Conlon Coal Co. v. Westchester Fire Ins. Co., 16 F. Supp. 93 (M.D.Pa. 1936) (insurer which denies liability is not entitled to benefit from policy provision deferring payment; interest must be paid from date of loss). The underlying legal theory is that by denying liability, the insurer waives its right to withhold payment pursuant to a contractual provision deferring payment. Samuels v. California Ins. Co., 192 Pa.Super. 484, 162 A.2d 48 (1960); accord Home Ins. Co. v. Roll, 187 Ky. 31, 218 S.W. 471 (1920).
Holding the insurer liable for prejudgment interest recoverable from the time of the loss  where there is a wrongful refusal to pay  is consistent with two public policies as expressed by the Supreme Court of Florida: (1) It encourages the prompt settlement of insurance claims, see Wollard v. Lloyd's & Companies of Lloyd's, 439 So.2d 217 (Fla. 1983), and (2) corrects the inequity created in contracts crafted by insurers which would deny prejudgment interest to the insured as an element of "just compensation" for pecuniary loss. See Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985).
Accordingly, the award of prejudgment interest from the date of loss is affirmed.