785 So.2d 700 (2001)
LIBERTY MUTUAL INSURANCE COMPANY, Appellant/Cross Appellee,
v.
George A. ALVAREZ, Appellee/Cross Appellant.
No. 3D00-2723.
District Court of Appeal of Florida, Third District.
May 23, 2001.
*701 O'Connor, Chimpoulis, Restani, Marrero & McAllister and David R. Cassetty, for appellant/cross appellee.
De La Cruz & Cutler and H. Jeffrey Cutler and Albert D. Viener, for appellee/cross appellant.
Before SCHWARTZ, C.J., and SORONDO, J., and NESBITT, Senior Judge.
SCHWARTZ, Chief Judge.
Both sides appeal from an order awarding the insured pre-judgment interest and a portion of the attorney's fees claimed in a typical "second-Hurricane Andrew" property damage insurance dispute. We find partial merit in each party's position.

I.
The record shows that, in accordance with the insurance contract,[1] the carrier paid the award three weeks after its filing. See generally Miller v. First Service Corp., 471 So.2d 1332 (Fla. 3d DCA 1985); Warren v. Old Dominion Ins. Co., 465 So.2d 1376 (Fla. 5th DCA), pet. for review denied, 476 So.2d 675 (Fla.1985). Nonetheless, the court granted "pre-judgment" interest from the date appraisal was demanded. On the insurer's appeal, we reverse that ruling on the authority of Aries Insurance Co. v. Hercas Corp., 781 So.2d 429 (Fla. 3d DCA 2001), which squarely holds that no pre-award interest is available. We hereby reendorse Aries, rejecting the plaintiff's claims that it was incorrectly decided, see Miller, 471 So.2d at 1332; Warren, 465 So.2d at 1376, and that it is somehow contrary to Independent Fire Ins. Co. v. Lugassy, 593 So.2d 570 (Fla. 3d DCA 1992). Lugassy involved a carrier's repudiation of coverage which did not exist in Aries or here.

II.
We also reverse the denial of attorney's fees for the services of the plaintiff's counsel in establishing his entitlement to and effecting payment of a previous award of fees, as provided both by an order agreed to by both parties and by section 627.428, Florida Statutes (2000). See State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830 (Fla.1993); Sierra v. Allstate Ins. Co., 725 So.2d 403 (Fla. 3d DCA 1998), overruled on other issue in United States *702 Fidelity & Guar. Co. v. Romay, 744 So.2d 467 (Fla. 3d DCA 1999).
The cause is remanded with directions to strike the pre-judgment interest award and for the determination of the amount of the additional fees required by this opinion. The order under review is otherwise affirmed.
Affirmed in part, reversed in part.
NOTES
[1] 10. Loss Payment. We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:

* * *
c. there is a filing of an appraisal award with us.