791 So.2d 515 (2001)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Roberto and Maria BLANCO, Appellee.
No. 3D00-255.
District Court of Appeal of Florida, Third District.
July 18, 2001.
Rehearing Denied August 24, 2001.
*516 Angones, Hunter, McClure, Lynch & Williams, and Christopher Lynch, Miami, for appellant.
John S. Cosgrove; and Jeanne Heyward, Miami, for appellee.
Before LEVY, FLETCHER, and RAMIREZ, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
Plaintiffs Roberto and Maria Blanco's Motion for Rehearing is granted. We withdraw our opinion filed on June 6, 2001 and substitute the following in its place.
Allstate Insurance Company, defendant below, appeals an award of prejudgment interest to plaintiffs Roberto and Maria Blanco. We reverse because prejudgment interest should have been computed from the date of the appraisal award, not the date of loss.
The Blancos were insured by Allstate when their home was damaged by Hurricane Andrew. They submitted a claim which Allstate promptly paid. Five years later, the Blancos submitted a supplemental claim for Hurricane Andrew losses and received an appraisal award on February 26, 1999, which Allstate paid on March 30, 1999. The Blancos were awarded prejudgment interest from August 24, 1992, the date of loss.
"[A] plaintiff is entitled to prejudgment interest when it is determined that the plaintiff has suffered an actual, out-of-pocket loss at some date prior to the entry of judgment." Alvarado v. Rice, 614 So.2d 498, 499 (Fla.1993). The cases that recognize a right to prejudgment interest have all involved the loss of a vested property right. Id. Here, the Blancos' supplemental claim was similar to the medical expenses at issue in the Alvarado case in that the Blancos had not suffered the loss *517 of a vested property right. Thus, the Blancos were not entitled to prejudgment interest prior to receiving an appraisal award which determined their actual loss. See also Liberty Mutual Ins. Co. v. Alvarez, 785 So.2d 700 (Fla. 3d DCA 2001); Aries Ins. Co. v. Hercas Corp., 781 So.2d 429 (Fla. 3d DCA 2001)(stating that the insured was entitled to prejudgment interest from the date of the appraisal award as that was the date on which the damages were liquidated).
Thus, prejudgment interest is awarded from the date of the appraisal award and would normally have been awarded from February 26, 1999, rather than from the date of loss. However, the insurance policy provisions allowed Allstate sixty days within which to pay the appraisal award and Allstate made payment within the allotted time. Thus, the Blancos are not entitled to receive any prejudgment interest.
The Blancos cross-appeal the denial of their request for costs and attorney's fees incurred while litigating entitlement to costs and attorney's fees. We agree that attorney's fees may properly be awarded for litigating the issue of entitlement to attorney's fees. See State Farm Fire & Casualty Ins. v. Palma, 629 So.2d 830, 833 (Fla.1993). Although the parties ultimately stipulated as to the Blancos' entitlement to attorney's fees, this issue was initially contested. Therefore, the requested fees were incurred while litigating entitlement to fees, not merely for litigating the appropriate amount of fees to be awarded, and the Blancos' request for costs and fees should be granted.
The Blancos should also be awarded pre-judgment interest on the previously awarded attorney's fees, with interest accruing from the date entitlement to attorney's fees was fixed through agreement, arbitration award, or court determination. See Quality Engineered Inst. v. Higley South, 670 So.2d 929, 931 (Fla.1996).
Accordingly, we reverse the trial court's denial of the Blancos' motion for attorney's fees and costs incurred while litigating entitlement to said fees and costs, and reverse the denial of prejudgment interest on previously awarded attorney's fees. The cause is remanded with directions to strike the pre-judgment interest award and for a determination of the amount of any additional fees required by this opinion.
Reversed and remanded.