SHEVIN, Judge.
Lexington Insurance Company appeals a final judgment in favor of insureds Ram-das and Chitra Bhandari. We affirm, in part, and reverse, in part.
Lexington sued the Bhandaris for breach of contract and return of insurance proceeds based on their alleged material misrepresentations on a supplemental loss claim. The trial court properly granted summary judgment as the record does not show any material misrepresentations by the insureds. Cf. Wong Ken v. State Farm Fire & Cas. Co., 685 So.2d 1002 (Fla. 3d DCA 1997) (summary judgment proper as to whether insured made material misrepresentation as a matter of law). We, therefore, affirm that portion of the judgment. However, we reverse the prejudgment interest award. Insureds are not entitled to pre-judgment interest from the date of the loss under the circumstances of this case. See Allstate Ins. Co. v. Blanco, 791 So.2d 515 (Fla. 3d DCA 2001); Allstate Ins. Co. v. Martinez, 790 So.2d 1151 (Fla. 3d DCA 2001), review granted, No. SC01-1622, 805 So.2d 804 (Fla. Jan. 15, 2002); Liberty Mut. Ins. Co. v. Alvarez, 785 So.2d 700 (Fla. 3d DCA 2001)(holding that Aries Ins. Co. v. Hercas Corp., 781 So.2d 429 (Fla. 3d DCA 2001), does not conflict with Independent Fire Ins. Co. v. Lugassy, 593 So.2d 570 (Fla. 3d DCA 1992)), review denied, 800 So.2d 612 (Fla.2001). On remand, the trial court shall award interest from the date of the appraisal award.
Affirmed, in part; reversed, in part; and cause remanded.