WELLS, J.
 

 Sunshine State Insurance Company appeals from an order awarding pre-judgment interest from the date the insured’s property was damaged rather than from the date payment became due under the policy issued by Sunshine. We reverse and remand for imposition of pre-judgment interest from the date payment became due under the policy.
 

 Arthur Davide’s home was damaged by both Hurricane Katrina (August 25, 2005) and Hurricane Wilma (October 24, 2005). Approximately three months after Hurricane Wilma, Sunshine, Davide’s homeowner’s insurer, made an initial payment on Davide’s claim relating to damage sustained in these hurricanes. After a dispute arose between Sunshine and Davide as to whether Sunshine was obligated under its policy to pay the actual cash value of the roof on Davide’s home or replacement cost for the roof, the parties submit
 
 *750
 
 ted the issue to appraisal as authorized by the policy.
 
 [1]
 

 On November 2, 2006 an appraisal award was issued. While fixing the amount of the loss at $246,491.94, the award also stated:
 

 This appraisal award is in total, and money previously paid by the carrier to its insured on the subject claim, if any, should be deducted from this award. This appraisal award is subject to the terms and conditions of the policy of insurance (e.g., deductible) and the laws of the State of Florida.
 

 Claiming to be unsure as to whether this language meant that the $249,491.94 appraisal award had already taken into account a deduction for depreciation or whether this language authorized Sunshine to take such a deduction from this amount, Sunshine made multiple inquiries of the umpire for clarification. On November 28, 2006 (within the sixty days allotted by the policy to pay an appraisal award), with no clarification in hand, Sunshine paid the award less an amount it attributed to depreciation. Some three months later, Davide brought suit to confirm the appraisal award. According to Sunshine, that same day, Davide’s counsel obtained a letter from the umpire which, according to Davide’s counsel, confirmed counsel’s understanding that the award was an actual cash value award which took depreciation into account. This information was provided to Sunshine on March 8, 2007, and the amount previously withheld by Sunshine was paid to Davide on April 4, 2007.
 

 Davide, claiming that withholding a portion of the arbitration award constituted a denial of coverage, sought an award of prejudgment interest on the amount held back from the date on which Davide’s home was damaged rather than within the time frame authorized by the policy (that is within sixty days of the filing of an appraisal award). The trial court agreed; we reverse.
 

 The record before us confirms that Sunshine has never denied coverage of Davide’s claim, but rather only disputed the amount to be paid under the policy to satisfy this claim. Here, as in
 
 Citizens Property Insurance Corp. v. Mallett,
 
 7 So.3d 552 (Fla. 1st DCA 2009), the policy provides that the insurer is not obligated to pay a covered claim until twenty days after the insurer has reached a written agreement with the insured, or sixty days after entry of a final judgment on a claim or after the filing of an appraisal award or mediation settlement with the insurer. As the court in
 
 Mallett
 
 makes plain, the provisions governing appraisal deal with “covered” claims and “determine the date from which the coverage payment is due, as well as when interest is due on the amounts payable.”
 
 Id.
 
 at 555 (holding that prejudgment interest accrues from the date of a judgment or appraisal fixing the amount of coverage not from the date the insured property is damaged);
 
 Am. Reliance Ins. Co. v. Devecht,
 
 820 So.2d 378, 379 (Fla. 3d DCA 2002) (stating that “prejudgment interest may be awarded from the date of the appraisal award unless policy provisions allow the insurer to pay the award within a certain period, and payment was made within the allotted time”);
 
 Allstate Ins. Co. v. Blanco,
 
 791 So.2d 515, 516 (Fla. 3d DCA 2001) (reversing prejudgment interest award from the date of damage to insureds’ home “because prejudgment interest should have been computed from the date of the appraisal award, not the
 
 *751
 
 date of loss”);
 
 Allstate Ins. Co. v. Martinez,
 
 790 So.2d 1151, 1152 (Fla. 3d DCA 2001) (“The trial court erred when it ordered prejudgment interest to be paid from the date of loss. Rather, if Martinez is entitled to prejudgment interest it is to be calculated from the termination of sixty days after the date of the appraisal award.”);
 
 Aries Ins. Co. v. Hercas Corp.,
 
 781 So.2d 429, 430 (Fla. 3d DCA 2001) (stating that the insured “was entitled to interest from the date of the appraisal award as that is the date on which the damages were liquidated”).
 

 We see no conflict between these authorities and
 
 Lumbermens Mutual Casualty Co. v. Percefull,
 
 638 So.2d 1026 (Fla. 4th DCA 1994),
 
 approved,
 
 653 So.2d 389, 390 (Fla.1995), on which Davide principally relies.
 
 Percefull
 
 involved a policy which provided benefits payable to the insured “immediately upon receipt” of a written proof of a loss. The Supreme Court confirmed that the insurer’s failure to pay claims submitted by the insured for services not yet paid for by the insured, entitled the insured to pre-judgment interest from the date on which the claims were submitted because “the general rule [is] that prejudgment interest is allowed in Florida for actions based on contract from the date the debt is due”:
 

 Lumbermens argues that because Percefull has not paid the medical expenses related to the insurance claims, Percefull should not receive a “windfall” in the form of prejudgment interest. Lumbermens’ argument ignores the fact that it has a contract with Percefull, supported by consideration, in which Lumbermens agreed to pay Percefull specified sums on the occurrence of certain conditions. Whether Percefull uses this money to pay medical bills or for some other purpose does not change the fact that a debt has been created.
 

 Percefull,
 
 653 So.2d at 390.
 

 Here, Sunshine’s debt became due when the appraisal liquidated Davide’s loss. That amount came due under the policy sixty days after “[t]here [was] a filing of an appraisal award... with [Sunshine].” Davide is therefore entitled to pre-judgment interest on that portion of the appraisal award not timely paid within sixty days of the filing of the appraisal award with Sunshine,
 
 [2]
 
 not from the date that Davide’s home was damaged.
 

 Accordingly, the order on appeal is reversed and remanded for further proceedings consistent with this opinion.
 

 [1]
 

 . The policy expressly provides that should the insurer and the insured "fail to agree on the amount of the loss," they could either demand mediation or appraisal of the amount of the loss.
 

 [2]
 

 . The appraisal award is dated November 2, 2006. Sunshine states that it received a copy of the appraisal award on November 5, 2006, and Davide does not dispute that assertion.