SUAREZ, J.
 

 North Pointe Insurance Company (“North Pointe”) appeals an order confirming an appraisal award and entitlement to prejudgment interest and attorney’s fees in favor of Miguel and Francine Tomas (“the Tomases”). We affirm. Under the controlling authority of
 
 Independent Fire Insurance Co. v. Lugassy,
 
 593 So.2d 570 (Fla. 3d DCA 1992), we conclude that the trial court did not err in confirming the arbitration award and awarding prejudgment interest from the date of the loss.
 

 The Tomases made a claim with their homeowners’ insurance carrier, North Pointe, for a complete replacement of a marble kitchen floor damaged as a result of dropping a pot on October 23, 2005. After investigating the claim, North Pointe determined that the loss was excluded under the policy and denied coverage. The Tomases filed a petition to compel appraisal under the terms of the homeowners’ policy. In a letter dated September 5, 2007, North Pointe withdrew its previous denial of the claim, admitting coverage and stipulating to attorney’s fees up to the date of receipt of the letter. The claim went to appraisal and North Pointe paid the claim on May 14, 2008. On June 10, 2008, an appraisal award was entered in the amount of $115,899.52, including prejudgment interest from the date of the loss. The Tomases moved to confirm the appraisal award and for entry of final judgment. The trial court granted the motion to confirm the appraisal award, including attorney’s fees and prejudgment interest from the date of the loss.
 

 North Pointe argues on appeal that the trial court erred in
 
 confirming the
 
 arbitration award before the contractual sixty-day period to make payment had expired and therefore that prejudgment interest should have been awarded from the date of payment, which it had already made.
 
 [1]
 
 Based on
 
 Lugassy,
 
 we disagree.
 

 In
 
 Lugassy,
 
 the question was from what date prejudgment interest starts to run where the insurer denies coverage and is later held liable for the claim.
 
 Id.
 
 at 570. The general rule is that interest on a loss payable under an insurance policy is recoverable from the date payment is due pursuant to the provisions of that policy.
 
 Lugassy
 
 carved out an exception to that rule where the insurer denies coverage and later admits coverage or coverage is later determined through litigation. Once the insurer denies coverage, it is deemed to have waived the policy provision for deferred payment and, should it pay, be
 
 *979
 
 comes responsible for prejudgment interest from the date of loss. “[I]f the insurer denies liability, interest begins to run from the date of the loss, even where the policy provides for payment at a later date.”
 
 Du-gassy,
 
 593 So.2d at 572.
 

 North Point denied coverage for the claim. Even though it later agreed to appraisal and paid the appraisal award, it is deemed to have waived the policy provision allowing deferred payment and is responsible for prejudgment interest from the date of the loss.
 
 See Lugassy; accord, State Farm Fire & Cas. Co. v. Albert,
 
 618 So.2d 278 (Fla. 3d DCA 1993) (holding that prejudgment interest is payable from the date of the loss);
 
 see also Liberty Mut. Ins. Co. v. Alvarez,
 
 785 So.2d 700 (Fla. 3d DCA 2001) (making distinction that, where there is no denial of coverage, prejudgment interest is payable from date of appraisal as opposed to date of the loss). We affirm the trial court’s order confirming the appraisal award and awarding prejudgment interest from the date of loss.
 

 Affirmed.
 

 [1]
 

 . The pertinent policy provision provides that a loss is payable:
 

 a. 20 days after we receive your proof of loss and reach written agreement with you; or
 

 b.
 
 60 days after we receive your proof of loss and:
 

 ll) There is an entry of a final judgment; or
 

 (2)
 
 There is a filing of an appraisal award
 
 or a mediation settlement with us.
 

 (emphasis supplied)