CIKLIN, J.
Ellie’s 50’s Diner, Inc. (“Ellie’s”) appeals the denial of a motion for prejudgment interest in its action against Citizens Property Insurance Corporation (“Citizens”). We affirm because the insurance policy provisions allotted Citizens thirty days within which to pay any appraisal award and Citizens made payment within the prescribed time period.
Ellie’s was insured by Citizens when its property was damaged by Hurricane Wilma in October 2005. Ellie’s submitted a claim and Citizens made payment to Ellie’s but for less than the amount sought by Ellie’s. In November 2006, Elbe’s filed a civil action against Citizens claiming that the amount paid by Citizens was insufficient and a breach of the policy. Citizens moved to compel an appraisal pursuant to the policy terms and the trial court granted this motion. On June 13, 2008, the appraisers entered an appraisal award which resulted in a further payment to Ellie’s. On July 10, 2008, Citizens paid Ellie’s the amount provided under the appraisal award.
Thereafter, Ellie’s filed a motion for prejudgment interest, claiming that it was entitled to prejudgment interest calculated from the date of loss. In response, Citizens argued that Ellie’s was not entitled to prejudgment interest because the insurance policy provided that Citizens had thirty days after the entry of an appraisal award within which to pay Ellie’s. Citizens relied on a “Loss Payment” provision in the policy that read, “Loss will be pay *1082 able ... [tjhirty (30) days after we receive your proof of loss and ... [t]here is a filing of an appraisal award....” The trial court, noting the policy language, denied the motion for prejudgment interest.
On appeal, Elite’s argues that the trial court erred in not awarding prejudgment interest from the date its property was damaged. The loss payment provision of the subject policy, however, provided that Citizens was required to make payment within thirty days after the filing of an appraisal award. “It is the terms of a contract for insurance which determine the date from which the coverage payment is due, as well as when interest is due on the amounts payable.” See Citizens Prop. Ins. Corp. v. Mallett, 7 So.3d 552, 556 (Fla. 1st DCA 2009) (citing Lumbermens Mut. Cas. Co. v. Percefull, 653 So.2d 389 (Fla.1995)).
Thus, because Citizens paid the claim within the time allotted by the policy, Ellie’s was not entitled to receive prejudgment interest. See Sunshine State Ins. Co. v. Davide, 15 So.3d 749, 750 (Fla. 3d DCA 2009); Mallett, 7 So.3d at 556; Allstate Ins. Co. v. Blanco, 791 So.2d 515, 516 (Fla. 3d DCA 2001).

Affirmed.

POLEN and LEVINE, JJ., concur.