SALTER, J.
A homeowner, Alberto F. Jugo, appeals the circuit court’s denial of his motion for pre-judgment interest on an appraisal award compensating him for an insured loss. The insurer was the appellee, American Security Insurance Company. We affirm.

Background

After a November 2006 fire loss at his home, Jugo filed a claim under the residential homeowner’s policy issued by American. After numerous inspections, in April 2007 American made a payment on the claim in the amount of $46,995.56. Jugo asserted that amount was inadequate and submitted a supplemental claim. American reviewed and denied the supplemental claim on the grounds that the property had been gutted since the time the initial claim was investigated. Jugo filed suit against American in June 2008.
After unsuccessfully seeking to remove the dispute to federal court, American invoked the policy’s appraisal provision. Jugo won an appraisal award for a further $71,307.44, which was paid by American in 30 days. Jugo then filed a motion for prejudgment interest (as measured from the date of the loss in 2006 rather than the date of the award in 2009) on the $71,307.44 portion of the award. The trial court entered an order denying Jugo’s motion, based on our decision in Sunshine State Ins. Co. v. Davide, 15 So.3d 749 (Fla. 3d DCA 2009). Jugo’s motion for rehearing was denied, and this appeal followed.

Analysis

Our decision in Sunshine State reversed an award of pre-judgment interest on a dispute that went to appraisal after the insurance carrier had made an initial payment on a claim. On appeal, Jugo maintains that the trial court should have instead followed this Court’s ruling in North Pointe Insurance Co. v. Tomas, 16 So.3d 977 (Fla. 3d DCA 2009).
In North Pointe, an insurer denied coverage of a homeowner’s claim (for the complete replacement of a marble kitchen floor) from the outset, maintaining that the loss was excluded under the policy. Id. at 978. Only after the insured homeowner *96 filed a petition to compel appraisal did the insurer admit coverage and eventually pay the appraisal award. We held that prejudgment interest from the date of the loss was applicable because the insurer denied coverage for all or any part of the claim. Id. at 979.
In contrast, Sunshine State (as here) involved a homeowner’s claim for which coverage was promptly admitted. The dispute turned on quantifying the covered loss, not the existence of coverage. Sunshine State, 15 So.3d at 749-50. In the absence of some contract provision or statute to the contrary — and none is apparent on this record — the insured is not entitled to pre-judgment interest on the supplemental amount of the appraisal award as computed from the date of the insured loss.
Affirmed.