DAMOORGIAN, J.
Eugene Green appeals the trial court’s order denying his motion for entitlement to prejudgment interest and motion for rehearing. We affirm, finding no error in the trial court’s ruling that prejudgment interest is allowed for actions from the date the debt is due under the contract.
Green, insured by Citizens Property Insurance Corporation (“Citizens”), filed a claim after his home was damaged by Hurricane Frances in 2004. Citizens appointed an adjuster and paid the estimated damages as found by the adjuster. Claiming the payment was insufficient, Green and Citizens engaged in mediation pursuant to their contract. As a result of the mediation, Citizens paid Green additional monies but less than the amount he sought. Green then filed a civil action claiming that Citizens denied him coverage and refused to pay the remaining sums due under the policy. The court stayed the underlying suit and ordered Citizens to participate in the appraisal process. Ultimately, a final appraisal award was entered. Pursuant to the loss payment provision of the parties’ insurance contract, Citizens was required to make payment within sixty days after the filing of an appraisal award. Citizens paid Green the amount of the appraisal award within sixty days of the filing of the award. Thereafter, Green filed a motion for prejudgment interest on the funds paid. The motion was denied.
On appeal, Green argues that once Citizens underpaid his claim on the two occasions preceding the appraisal award, it waived the policy provision allowing for deferred payment on the claim. Moreover, once that provision was waived, the claim became due from the date of loss and interest would be due from that date. N. Pointe Ins. Co. v. Tomas, 16 So.3d 977, 978-79 (Fla. 3d DCA 2009) (“Once the insurer denies coverage, it is deemed to have waived the policy provision for deferred payment and, should it pay, becomes responsible for prejudgment interest from the date of loss.”).
We have recently held that “'[i]t is the terms of a contract for insurance which determine the date from which the coverage payment is due, as well as when interest is due on the amounts payable.’” Ellie’s 50’s Diner, Inc., v. Citizens Prop. Ins. Corp., 54 So.3d 1081, 1082 (Fla. 4th DCA 2011) (quoting Citizens Prop. Ins. Corp. v. Mallett, 7 So.3d 552, 556 (Fla. 1st DCA 2009)). In Ellie's, as in the instant case, Citizens timely paid the claim pursuant to the appraisal process after first having paid the insured an amount less than what was awarded. Id. Green contends that we should be guided by the Third District’s holding in Tomas. We disagree because, unlike the instant case, in Tomas, the insurer initially denied coverage, al *1229 though it ultimately reversed its position and proceeded with the appraisal process. That is not what occurred in this case.
Inasmuch as Citizens satisfied the appraisal award within sixty days of the filing of the award, as required by the terms of the insurance contract, Green was not entitled to prejudgment interest.

Affirmed.

MAY and LEVINE, JJ., concur.