# Third District Court of Appeal

## State of Florida

Opinion filed March 20, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1367
Lower Tribunal No. 13-18635
_____

**Junae Clarke-Morales, etc., et al.,**
Appellants,

vs.

**Coca-Cola Refreshments USA, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Navarro | McKown, and Luis F. Navarro, for appellants.

Weinberg Wheeler Hudgins Gunn & Dial, LLC, and Lawrence E. Burkhalter, Kate D. Spinelli and Kyle R. Jackson, Sr., for appellees.

Before EMAS, C.J., and SCALES and LINDSEY[1], JJ.

PER CURIAM.

_____

[1] Did not participate at oral argument.

Appellants, plaintiffs below, Junae Clarke-Morales (individually and on behalf of minor Jahir Clarke-McLean), Nahesha Barnes and Angela V. Clarke-Morales sued appellees, defendants below, Coca-Cola Refreshments USA, Inc. and Kenroy Washington Buckle for injuries sustained when a Coca-Cola truck crashed into appellants' home. On the eve of trial, appellants moved the trial court to strike the case from the trial docket.[2] After the trial court denied appellants' motion, appellants took a voluntary dismissal on August 23, 2016, the day trial was to commence. Appellees filed a motion to tax costs, which the trial court granted after a series of evidentiary hearings. Ultimately, the trial court entered a $160,218.64 cost judgment[3] against the appellants (including $26,151.83 in transcription fees and $105,112.68 in expert witness fees), allocating the amounts due among the appellants.

---

[2] Approximately a month before trial, appellants moved to strike appellees' affirmative defenses and amended answer. The trial court did not hear and rule on this motion. In seeking to strike the case from the docket, appellants argued that the case was not at issue under Florida Rule of Civil Procedure 1.440.

[3] In addition to the trial court's May 17, 2017 final judgment for costs, appellants attached to their notice of appeal the trial court's May 17, 2017 final judgment awarding attorney's fees to appellees as a sanction for the violation of a discovery order. Appellants, however, raised no argument in their initial brief regarding this attorney's fee judgment, thereby abandoning any challenge to it. Land v. Fla. Dep't of Corr., 181 So. 3d 1252, 1254 (Fla. 1st DCA 2015). Thus, we affirm the attorney's fee judgment without further elaboration.

Appellants state two bases for appealing the judgment: (1) the trial court erred by not striking the case from the trial docket (i.e., had the case been stricken from the docket, appellants would not have had to voluntarily dismiss the case entitling appellees to costs); and (2) the trial court abused its discretion by awarding appellees taxable costs. For the succinct reasons that follow, we affirm.

Once the appellants took a voluntary dismissal, they could not challenge the trial court's earlier rulings. The voluntary dismissal terminated the lawsuit, thereby divesting the trial court of jurisdiction and depriving this Court of appellate jurisdiction to review pre-dismissal orders of the trial court. Two Islands Dev. Corp. v. Clarke, 239 So. 3d 115, 124-25 (Fla. 3d DCA 2018); Fleet Servs. Corp. v. Reise, 775 So. 2d 383, 384 (Fla. 2d DCA 2000).

After a voluntary dismissal occurs, the trial court may entertain and award trial preparation costs against the dismissing party. Coastal Petroleum Co. v. Mobil Oil Corp., 583 So. 2d 1022, 1024-25 (Fla. 1991); Fla. R. Civ. P. 1.420(d). On this record, we cannot say that the trial court abused its discretion in its costs award to appellees. See Albanese Popkin Hughes Cove, Inc. v. Scharlin, 141 So. 3d 743, 745 (Fla. 3d DCA 2014).

Affirmed.