# Third District Court of Appeal

## State of Florida

Opinion filed March 15, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0102
Lower Tribunal No. 18-266-M
_____

**Hawks Nest Condominium, Inc., etc.,**
Appellant,

vs.

**Westchester Surplus Lines Insurance Company, etc.,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Boyle, Leonard & Anderson P.A., and Mark A. Boyle and Molly Chafe Brockmeyer and Alexander Brockmeyer (Fort Myers), for appellant.

Mound Cotton Wollan & Greengrass LLP, and William D. Wilson (Florham Park, NJ) and Brooke O. Turetzky (Fort Lauderdale), for appellee.

Before LOGUE, SCALES and BOKOR, JJ.

BOKOR, J.

In this appeal of a December 17, 2021 summary final judgment that grants the insured entitlement to fees and post-arbitration award interest, but denies the insured prejudgment interest, the insured, Hawks Nest Condominium, alleges that the trial court erred by failing to award prejudgment interest for the covered loss. Hawks Nest claims that the insurer, Westchester, wrongfully denied coverage before later admitting coverage, entitling Hawks Nest to prejudgment interest pursuant to the exception articulated by this court in Independent Fire Insurance Co. v. Lugassy, 593 So. 2d 570 (Fla. 3d DCA 1992).[1] Because Westchester did not deny coverage in the manner prescribed by the terms of the relevant policy, we find Lugassy inapplicable and affirm the trial court's order denying prejudgment interest from the date of the loss.

## FACTS AND PROCEDURAL HISTORY

The original claim arose out of damages sustained on or about September 10, 2017, by Hawks Nest as a result of Hurricane Irma. On June 19, 2018, Hawks Nest submitted sworn proofs of loss to Westchester's

---

[1] In Lugassy, this Court recognized the longstanding rule that an insurer is typically liable for prejudgment interest on a covered loss when the insurer fails to pay within the timeframe contemplated by the policy, but adopted an exception whereby the interest is calculated from the date of the loss, rather than the payment date prescribed by the policy, if the insurer initially denied coverage before later admitting coverage. Id. at 572.

claims adjuster, thereby fulfilling Hawks Nest's post-loss obligations for coverage. Westchester acknowledged receipt of the proofs of loss that same day, but did not take any further action on the claim. The policy's loss payment provision requires the insurer to pay for covered damages within 30 days if the insured has complied with all prerequisites for coverage and the parties have either "reached agreement . . . on the amount of loss" or "[a]n appraisal award has been made."

Hawks Nest, claiming that Westchester violated its loss payment obligations under the policy, filed a petition to compel appraisal after Westchester failed to respond within 30 days of submission of the proofs of loss. The policy allows either party to make a demand for appraisal of a covered loss at any time "[i]f we and you disagree on the value of the property or the amount of loss." Westchester failed to respond to the petition to compel arbitration, resulting in entry of a default and default final judgment in favor of Hawks Nest ordering appraisal. Subsequently, Westchester successfully moved to vacate the default judgment on the grounds of excusable neglect. In addition to answering the petition, Westchester asserted several partial affirmative defenses, including alleging that Hawks Nest's claims were barred as preexisting damages under the policy.

3

Despite filing an answer and affirmative defenses, Westchester voluntarily agreed to submit the claim to appraisal and tendered a partial payment for the losses in the amount of $104,056.08. Ultimately, on April 6, 2021, an umpire accepted the appraiser's valuation of $7,291,136.88 and entered an appraisal award in that amount. Westchester paid the difference between the appraisal award and the initial tender on April 21, 2021.

Hawks Nest then moved for a final summary judgment confirming the appraisal award, including an award of attorneys' fees and costs and prejudgment interest dating back to the date of the loss. The trial court granted the motion as to Hawks Nest's entitlement to fees and costs, but found that Hawks Nest was not entitled to prejudgment interest. This appeal followed.

**ANALYSIS**

"It is axiomatic an insurance policy is an agreement and, in the absence of an applicable statute, subject to the construction principles that apply to any other species of contract." Heritage Prop. & Cas. Ins. Co. v. Condo. Ass'n of Gateway House Apartments, Inc., 344 So. 3d 52, 54 (Fla. 3d DCA 2021). Accordingly, "[i]t is the terms of a contract for insurance which determine the date from which the coverage payment is due, as well

4

as when interest is due on the amounts payable." Citizens Prop. Ins. Corp. v. Mallett, 7 So. 3d 552, 556 (Fla. 1st DCA 2009).

It is well-established that "a plaintiff is entitled to prejudgment interest when it is determined that the plaintiff has suffered an actual, out-of-pocket loss at some date prior to the entry of judgment." Alvarado v. Rice, 614 So. 2d 498, 499 (Fla. 1993); see also Argonaut Ins. Co. v. May Plumbing Co., 474 So. 2d 212, 215 (Fla. 1985) ("[W]hen a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss."). For this reason, when an insurer wrongfully denies coverage for a loss, "[a]n insurer is liable for prejudgment interest on the amount payable for an insured . . . loss on the theory that failure to pay within the time frame contemplated by the agreement constitutes a breach of a contract to pay money." Lugassy, 593 So. 2d at 571–72.

"Generally, interest on a loss payable under an insurance policy is recoverable from the time payment is due under the terms of the policy." Id. at 572. However, we have also held that "if the insurer denies liability, interest begins to run from the date of the loss, even where the policy provides for payment at a later date." Id.; see also N. Pointe Ins. Co. v. Tomas, 16 So. 3d 977, 978–79 (Fla. 3d DCA 2009) ("Once the insurer denies

coverage, it is deemed to have waived the policy provision for deferred payment and, should it pay, becomes responsible for prejudgment interest from the date of loss.").

Here, Hawks Nest argues that Westchester both breached its loss payment obligations and effectively denied coverage by failing to respond to the proofs of loss within 30 days. However, per the terms of the policy, submission of proof of loss would only trigger Westchester's loss payment obligation if the parties agreed about the amount of the loss or an appraisal award had been made. The appraisal process, although triggered after the filing of a petition to compel appraisal, is part of the contemplated process. Westchester's timely payment after entry of an appraisal award is not the functional equivalent of a denial of coverage. Because Westchester timely paid the outstanding coverage balance within 30 days of the appraisal award, Westchester complied with its obligations under the policy, such that Hawks Nest did not suffer an out-of-pocket pecuniary loss prior to entry of the judgment, as contemplated by Lugassy. See Liberty Mut. Ins. Co. v. Alvarez, 785 So. 2d 700, 701 (Fla. 3d DCA 2001) (reversing prejudgment interest award where "[t]he record shows that, in accordance with the insurance contract, the carrier paid the award three weeks after its filing"); Allstate Ins. Co. v. Blanco, 791 So. 2d 515, 517 (Fla. 3d DCA 2001) (finding

6

that insured was not entitled to prejudgment interest where "the insurance policy provisions allowed Allstate sixty days within which to pay the appraisal award and Allstate made payment within the allotted time"); cf. Lugassy, 593 So. 2d at 571 (affirming award of prejudgment interest under functionally identical policy where "[i]t is undisputed that the parties never reached an agreement or filed an appraisal award" and the insurer "denied the Lugassys' claim forcing the Lugassys to litigate the claim for benefits under the policy").

We also reject Hawks Nest's contention that Westchester's initial default and partial affirmative defenses were tantamount to a denial of coverage or a waiver of its deferred payment rights under the policy. While Westchester's lack of communication likely triggered the necessity to file the petition to compel appraisal, it issued a partial payment and ultimately paid the appraisal award in a timely manner. See, e.g., Sunshine State Ins. Co. v. Davide, 15 So. 3d 749, 750 (Fla. 3d DCA 2009) (rejecting argument that "withholding a portion of the arbitration award constituted a denial of coverage," as "Sunshine has never denied coverage of Davide's claim, but rather only disputed the amount to be paid under the policy to satisfy this claim"); Jugo v. Am. Sec. Ins. Co., 56 So. 3d 94, 95–96 (Fla. 3d DCA 2011) (affirming denial of prejudgment interest and finding that insured had not denied coverage where "[t]he dispute turned on quantifying the covered loss,

7

not the existence of coverage"); see also Citizens Prop. Ins. Corp. v. Mich. Condo. Ass'n, 46 So. 3d 177, 178 (Fla. 4th DCA 2010) (rejecting argument that insurer had waived its right to deny coverage by not responding to claim prior to insured filing suit, as "[w]aiver is the intentional or voluntary relinquishment of a known right or conduct which warrants an inference of the relinquishment of a known right" and the insurer was still investigating the claim at the time of the lawsuit and had never affirmatively denied coverage (quotations omitted)).

Westchester timely paid the appraisal award, and its actions were not tantamount to a denial of coverage.[2] The trial court correctly denied Hawks Nest's request for prejudgment interest.

---

[2] As explained, Lugassy stands for a simple principle—denial of a claim that is eventually found to be covered is tantamount to breach of the contractual obligation to cover a loss and therefore triggers payment of prejudgment interest from the time of loss. 593 So. 2d at 571–72. Lugassy shows a logic or symmetry of cause and effect—breach of the obligation to recognize a covered loss results in prejudgment interest from the time of loss. That symmetry doesn't exist here. The breach here results from the insurer's failure to timely communicate with an insured. It is not a denial of coverage. The insurer issued payment timely after the arbitral award. Therefore, no actionable delay in "the time payment is due under the policy" exists, either. Id. at 572; see, e.g., Allstate Ins. Co. v. Martinez, 790 So. 2d 1151, 1152 n.3 (Fla. 3d DCA 2001) (declining to award prejudgment interest from the date of loss after determining that the record in that case did not bear out the insured's assertion that insurer had deployed delay tactics). On this record, therefore, we agree with the trial court that the insured did not meet its burden to establish that the insurer denied coverage or caused actionable delay.

Affirmed.