# Third District Court of Appeal
## State of Florida

Opinion filed May 24, 2023.

_____

No. 3D22-0102
Lower Tribunal No. 18-266-M
_____

**Hawks Nest Condominium, Inc., etc.,**
Appellant,

vs.

**Westchester Surplus Lines Insurance Company, etc.,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Boyle, Leonard & Anderson P.A., and Mark A. Boyle and Molly Chafe Brockmeyer and Alexander Brockmeyer (Fort Myers), for appellant.

Mound Cotton Wollan & Greengrass LLP, and William D. Wilson (Florham Park, NJ) and Brooke O. Turetzky (Fort Lauderdale), for appellee.

Before LOGUE, SCALES and BOKOR, JJ.

BOKOR, J.

## ON MOTION FOR REHEARING

We deny Hawks Nest Condominium, Inc.'s motion for rehearing, but withdraw our previous opinion, and substitute the following opinion in its stead.

Hawks Nest, a condominium complex in the Florida Keys, suffered damage from Hurricane Irma on September 10, 2017. Hawks Nest filed a claim with Westchester, its insurer, and submitted a proof of loss. Westchester did not pay but did not dispute coverage. Hawks Nest, dissatisfied with the languid pace and lack of communication and urgency on Westchester's part, petitioned the circuit court to compel appraisal. After appraisal and payment, the trial court granted Hawks Nest summary final judgment, finding entitlement to attorney's fees and awarding prejudgment, post-arbitration award interest due to the late payment of the arbitral award, but denying entitlement to prejudgment interest from the date of loss.

Hawks Nest appeals, claiming that Westchester wrongfully denied coverage before later admitting coverage, thus entitling Hawks Nest to prejudgment interest from the date of loss pursuant to the exception articulated by this court in Independent Fire Insurance Co. v. Lugassy, 593 So. 2d 570 (Fla. 3d DCA 1992).[1] Because Westchester did not deny

_____

[1] In Lugassy, this Court recognized the longstanding rule that an insurer is typically liable for prejudgment interest on a covered loss when the insurer fails to pay within the timeframe contemplated by the policy, but adopted an

2

coverage in the manner prescribed by the terms of the relevant policy, we find <u>Lugassy</u> inapplicable and affirm the trial court's order denying prejudgment interest from the date of the loss.

## FACTS AND PROCEDURAL HISTORY

Hawks Nest sustained damages on or about September 10, 2017 and timely filed a claim with Westchester.  On May 11, 2018, Westchester provided Hawks Nest with its initial estimate of loss.  On June 19, 2018, Hawks Nest submitted sworn proofs of loss to Westchester's claims adjuster, fulfilling Hawks Nest's post-loss obligations for coverage.  Westchester acknowledged receipt of the proofs of loss that same day, but did not take any further action on the claim.  The policy's loss payment provision requires the insurer to pay covered damages within 30 days if the insured has complied with all prerequisites for coverage and the parties have either "reached agreement . . . on the amount of loss" or "[a]n appraisal award has been made."

Hawks Nest, claiming that Westchester violated its loss payment obligations under the policy, filed a petition to compel appraisal after Westchester failed to respond within 30 days of submission of the proofs of

---

exception whereby the interest is calculated from the date of the loss, rather than the payment date prescribed by the policy, if the insurer initially denied coverage before later admitting coverage.  <u>Id.</u> at 572.

3

loss. The policy allows either party to make a demand for appraisal of a covered loss at any time "[i]f we and you disagree on the value of the property or the amount of loss." Westchester failed to respond to the petition to compel arbitration, resulting in entry of a default and default final judgment in favor of Hawks Nest ordering appraisal. Subsequently, Westchester successfully moved to vacate the default judgment on the grounds of excusable neglect. In addition to answering the petition, Westchester asserted several partial affirmative defenses, including alleging that Hawks Nest's claims were barred as preexisting damages under the policy.

Despite filing an answer and affirmative defenses (which defenses included contesting coverage), Westchester voluntarily agreed to submit the claim to appraisal and tendered a partial payment for the losses in the amount of $104,056.08. Ultimately, on March 12, 2021, Hawk's Nest's appraiser accepted the umpire's valuation of $7,291,136.88, before deductions for deductibles and payments made, and entered an appraisal award in that amount. Westchester paid the difference between the appraisal award and the initial tender in two payments, on April 13 and 21, 2021.

Hawks Nest then moved for a final summary judgment confirming the appraisal award, including an award of attorneys' fees and costs and

prejudgment interest dating back to the date of the loss. The trial court granted the motion as to Hawks Nest's entitlement to fees and costs but found that Hawks Nest was not entitled to prejudgment interest from the date of loss, instead awarding prejudgment interest for the days the payments were late past 30 days from the award. This appeal followed.

**ANALYSIS**

"It is axiomatic an insurance policy is an agreement and, in the absence of an applicable statute, subject to the construction principles that apply to any other species of contract." Heritage Prop. & Cas. Ins. Co. v. Condo. Ass'n of Gateway House Apartments, Inc., 344 So. 3d 52, 54 (Fla. 3d DCA 2021). Accordingly, "[i]t is the terms of a contract for insurance which determine the date from which the coverage payment is due, as well as when interest is due on the amounts payable." Citizens Prop. Ins. Corp. v. Mallett, 7 So. 3d 552, 556 (Fla. 1st DCA 2009).

It is well-established that "a plaintiff is entitled to prejudgment interest when it is determined that the plaintiff has suffered an actual, out-of-pocket loss at some date prior to the entry of judgment." Alvarado v. Rice, 614 So. 2d 498, 499 (Fla. 1993); see also Argonaut Ins. Co. v. May Plumbing Co., 474 So. 2d 212, 215 (Fla. 1985) ("[W]hen a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of

5

law, to prejudgment interest at the statutory rate from the date of that loss."). For this reason, when an insurer wrongfully <u>denies</u> coverage for a loss, "[a]n insurer is liable for prejudgment interest on the amount payable for an insured . . . loss on the theory that failure to pay within the time frame contemplated by the agreement constitutes a breach of a contract to pay money." <u>Lugassy</u>, 593 So. 2d at 571–72.

"Generally, interest on a loss payable under an insurance policy is recoverable from the time payment is due under the terms of the policy." <u>Id.</u> at 572. However, we have also held that "if the insurer denies liability, interest begins to run from the date of the loss, even where the policy provides for payment at a later date." <u>Id.</u>; <u>see</u> <u>also</u> <u>N. Pointe Ins. Co. v. Tomas</u>, 16 So. 3d 977, 978–79 (Fla. 3d DCA 2009) ("Once the insurer denies coverage, it is deemed to have waived the policy provision for deferred payment and, should it pay, becomes responsible for prejudgment interest from the date of loss.").

Hawks Nest argues that Westchester both breached its loss payment obligations and effectively denied coverage by failing to respond to the proofs of loss within 30 days. However, per the terms of the policy, submission of proof of loss would only trigger Westchester's loss payment obligation if the parties agreed about the amount of the loss or an appraisal

6

award had been made. The appraisal process, although triggered after the filing of a petition to compel appraisal, forms part of the contractually mandated process of adjusting a loss where there is a disagreement as to amount of loss Westchester's payment after entry of an appraisal award is not the functional equivalent of a denial of coverage. To the contrary, Westchester voluntarily entered appraisal and once it did so, did not assert or reserve any coverage defenses. Further, Hawks Nest did not suffer an out-of-pocket pecuniary loss prior to entry of the judgment, as contemplated by Lugassy. See Liberty Mut. Ins. Co. v. Alvarez, 785 So. 2d 700, 701 (Fla. 3d DCA 2001) (reversing prejudgment interest award where "[t]he record shows that, in accordance with the insurance contract, the carrier paid the award three weeks after its filing"); Allstate Ins. Co. v. Blanco, 791 So. 2d 515, 517 (Fla. 3d DCA 2001) (finding that insured was not entitled to prejudgment interest where "the insurance policy provisions allowed Allstate sixty days within which to pay the appraisal award and Allstate made payment within the allotted time"); cf. Lugassy, 593 So. 2d at 571 (affirming award of prejudgment interest under functionally identical policy where "[i]t is undisputed that the parties never reached an agreement or filed an appraisal award" and the insurer "denied the Lugassys' claim forcing the Lugassys to litigate the claim for benefits under the policy").

7

We also reject Hawks Nest's contention that Westchester's initial default and partial affirmative defenses were tantamount to a denial of coverage or a waiver of its deferred payment rights under the policy. While Westchester's lack of communication likely triggered the necessity to file the petition to compel appraisal, it issued a partial payment and ultimately paid the appraisal award. See, e.g., Sunshine State Ins. Co. v. Davide, 15 So. 3d 749, 750 (Fla. 3d DCA 2009) (rejecting argument that "withholding a portion of the arbitration award constituted a denial of coverage," as "Sunshine has never denied coverage of Davide's claim, but rather only disputed the amount to be paid under the policy to satisfy this claim"); Jugo v. Am. Sec. Ins. Co., 56 So. 3d 94, 95–96 (Fla. 3d DCA 2011) (affirming denial of prejudgment interest and finding that insured had not denied coverage where "[t]he dispute turned on quantifying the covered loss, not the existence of coverage"); see also Citizens Prop. Ins. Corp. v. Mich. Condo. Ass'n, 46 So. 3d 177, 178 (Fla. 4th DCA 2010) (rejecting argument that insurer had waived its right to deny coverage by not responding to claim prior to insured filing suit, as "[w]aiver is the intentional or voluntary relinquishment of a known right or conduct which warrants an inference of the relinquishment of a known right" and the insurer was still investigating the claim at the time of the lawsuit and had never affirmatively denied coverage

(quotations omitted)).  The trial court correctly granted the proper remedy triggered by Hawks Nest's having to file the petition in the first place: attorneys' fees and costs.  The trial court also awarded some prejudgment interest for the late payment of the arbitral award, but correctly denied Hawks Nest's request for prejudgment interest from the date of loss.[2]

As explained, Lugassy stands for a simple principle—denial of a claim that is eventually found to be covered is tantamount to breach of the contractual obligation to cover a loss and therefore triggers payment of prejudgment interest from the time of loss.  593 So. 2d at 571–72.  Lugassy shows a logic or symmetry of cause and effect—breach of the obligation to recognize a covered loss results in prejudgment interest from the time of loss.  That symmetry doesn't exist here.  There wasn't a denial here.  There was a covered claim, and a lot of delay by Westchester.  That's why Hawks

---

[2] The trial court issued prejudgment interest for the delay in payment beyond the thirty days required by the policy, finding, that, even though it appeared to be a "breakdown" in communication, the insurer was two days late on the $5,015,215.75 check, and 12 days late on the $23,801.17 check.  To the extent that Hawk's Nest argues in its reply brief or on rehearing that the trial court should have granted "prejudgment interest from the date of the award, not only for the days that the payment was delinquent," such arguments are waived as they were not raised in the initial brief.  See Clarke-Morales v. Coca-Cola Refreshments USA, Inc., 271 So. 3d 1128, 1129 n.3 (Fla. 3d DCA 2019) (citing Land v. Fla. Dep't of Corr., 181 So. 3d 1252, 1254 (Fla. 1st DCA 2015)).  The only relief sought was prejudgment interest from the date of loss, which the trial court properly denied.

Nest sought relief from the courts in the form of a petition for appraisal. And that's why Hawks Nest got attorneys' fees and costs. See generally Magnetic Imaging Sys., I, Ltd. v. Prudential Prop. & Cas. Ins. Co., 847 So. 2d 987, 990 (Fla. 3d DCA 2003) ("Where an insurer makes payment of a claim after suit is filed, but before a judgment is rendered, such payment operates as a confession of judgment, entitling the insured to an attorney's fee award.").

The fact that an insured seeks to compel appraisal doesn't change the fact that delay, in and of itself, isn't tantamount to denial of coverage. It is just that—delay—and absent statutory or contractual provisions otherwise, it isn't enough to award prejudgment interest from the date of loss. Lugassy, 593 So. 2d at 572; see also Allstate Ins. Co. v. Martinez, 790 So. 2d 1151, 1152 n.3 (Fla. 3d DCA 2001) (declining to award prejudgment interest from the date of loss after determining that the record in that case did not bear out the insured's assertion that insurer had employed delay tactics).

Affirmed.