# Third District Court of Appeal
## State of Florida

Opinion filed August 9, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-595
Lower Tribunal No. 16-11401
_____

**Citizens Property Insurance Corporation,**
Appellant,

vs.

**Avill James,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne Del Rio and Samantha Ruiz Cohen, Judges.

Traub Lieberman Straus & Shrewsberry LLP, and C. Ryan Jones, Scot E. Samis and Brandon R. Christian (St. Petersburg), for appellant.

Perry & Neblett, P.A., and David Avellar Neblett, John A. Wynn and James M. Mahaffey, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

GORDO, J.

Citizens Property Insurance Corporation ("Citizens") appeals an order of final judgment in favor of Avill James. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm in all regards but reverse the trial court's award of prejudgment interest.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2014, James, a Citizens insured, sustained water damage to his home. James notified Citizens of the loss in March 2015. Four months later, Citizens investigated the claim and timely issued a payment of $27,776.33. James asserted that amount was inadequate and submitted a competing repair estimate from his own public adjuster asserting the value of the loss was $111,535.66. Citizens disagreed with James' estimate and did not issue further payment.

In May 2016, James filed a suit against Citizens. In August 2017, James moved to compel appraisal pursuant to the appraisal provision of the insurance policy asserting Citizens had "admitted liability and coverage for this loss and simply dispute[d] the scope and valuation of the covered damages." Citizens agreed and the parties proceeded to appraisal. On February 4, 2020, the appraisal panel entered an award of $59,919.27 for James. Citizens paid the appraisal award amount two days later. Later that

month, Citizens filed a notice of stipulation that James was entitled to reasonable attorney's fees in connection with the litigation.

On May 28, 2020, James filed a motion for summary judgment. Citizens filed a response in opposition. The trial court held a hearing on the motion and subsequently entered final judgment in James' favor, finding James was entitled to prejudgment interest. Citizens filed a motion for rehearing which was denied by the trial court. This appeal followed.

## LEGAL ANALYSIS

"A trial court's decision on whether or not to award prejudgment interest is reviewed under the de novo standard." Conway v. Conway, 111 So. 3d 925, 928 (Fla. 1st DCA 2013).

"An insurer is liable for prejudgment interest on the amount payable for an insured . . . loss on the theory that failure to pay within the time frame contemplated by the agreement constitutes a breach of a contract to pay money." Independent Fire Ins. Co. v. Lugassy, 593 So. 2d 570, 571–72 (Fla. 3d DCA 1992)). Because of this, an insured is entitled to prejudgment interest "where the insurer denies coverage and later admits coverage or coverage is later determined through litigation." N. Pointe Ins. Co. v. Tomas, 16 So. 3d 977, 978 (Fla. 3d DCA 2009). "Once the insurer denies coverage, it is deemed to have waived the policy provision for deferred payment and,

3

should it pay, becomes responsible for prejudgment interest from the date of loss." Id. at 978–79.

An insured, however, "is not entitled to prejudgment interest when an insurer does not deny coverage, participates in the appraisal process, and timely pays the appraisal award." State Farm Florida Ins. Co. v. Silber, 72 So. 3d 286, 290 (Fla. 4th DCA 2011); see also Am. Reliance Ins. Co. v. Devecht, 820 So. 2d 378, 379 (Fla. 3d DCA 2002) ("[P]rejudgment interest may be awarded from the date of the appraisal award unless policy provisions allow the insurer to pay the award within a certain period, and payment was made within the allotted time."); Jugo v. Am. Sec. Ins. Co., 56 So. 3d 94, 95–96 (Fla. 3d DCA 2011) (affirming the denial of prejudgment interest and finding that the insurer had not denied coverage where "[t]he dispute turned on quantifying the covered loss, not the existence of coverage").

Thus, in order to be entitled to prejudgment interest James was required to show that Citizens denied his claim before later admitting coverage. Here, James' argument fails because Citizens did not deny coverage. Based on the record and pleadings before us, the claim arose because the parties disagreed over the amount to be paid under the policy to satisfy James' claim, not the existence of coverage. In fact, James' motion

4

to compel arbitration even stated the parties solely disagreed as to the scope and value of the loss.

As Citizens did not deny coverage, it was entitled to pay the arbitration award pursuant to the insurance policy without being subject to prejudgment interest. See Allstate Ins. Co. v. Blanco, 791 So. 2d 515, 517 (Fla. 3d DCA 2001) (finding "the insurance policy provisions allowed Allstate sixty days within which to pay the appraisal award and Allstate made payment within the allotted time. Thus, the Blancos are not entitled to receive any prejudgment interest"); Allstate Ins. Co. v. Martinez, 790 So. 2d 1151, 1152 (Fla. 3d DCA 2001) ("The trial court erred when it ordered prejudgment interest to be paid from the date of loss. Rather, if Martinez is entitled to prejudgment interest it is to be calculated from the termination of sixty days after the date of the appraisal award."). The insurance policy provided that Citizens had sixty days after the filing of the appraisal award to tender payment. Here, it is undisputed that Citizens timely tendered payment to James two days after the filing of the appraisal award. Accordingly, we reverse the trial court's award of prejudgment interest.

Affirmed in part; reversed in part; remanded for further proceedings consistent with this opinion.