# Third District Court of Appeal

## State of Florida

Opinion filed February 14, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1335
Lower Tribunal No. 18-18775
_____

**Citizens Property Insurance Corporation,**
Appellant,

vs.

**Annette Peipert,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Traub Lieberman Straus & Shrewsberry LLP, and C. Ryan Jones, Scot E. Samis and Brandon R. Christian (St. Petersburg), for appellant.

Law Office of Lazaro Vazquez, P.A., and Lazaro Vazquez, for appellee.

Before EMAS, GORDO and BOKOR, JJ.

GORDO, J.

Citizens Property Insurance Corporation ("Citizens") appeals an order granting Annette Peipert's ("Peipert") entitlement to prejudgment interest and an order denying its motion for final summary judgment. As to the order granting Peipert's entitlement to prejudgment interest,[1] we reverse the trial court's order for the reasons discussed below. As to the order denying final summary judgment, we dismiss.[2]

Peipert was insured by Citizens when her home was damaged by Hurricane Irma. After Peipert notified Citizens of the loss, Citizens immediately extended coverage and issued a payment. Peipert then submitted a supplemental claim and competing repair estimate from her own public adjuster asserting the amount paid was inadequate. Citizens granted coverage for the supplemental claim and issued an additional payment. In June 2018, Peipert filed a suit against Citizens. Thereafter, the parties proceeded to appraisal. On July 17, 2019, the appraisal panel

---

[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).

[2] The trial court's order is not appealable. See Gionis v. Headwest, Inc., 799 So. 2d 416, 417 (Fla. 5th DCA 2001) ("[T]rial court orders denying motions for summary judgment are non-final, non-appealable orders."); Taggart v. Morgan, 943 So. 2d 250, 250 (Fla. 3d DCA 2006) (stating "[t]he rules of appellate procedure do not permit interlocutory appeals of non-final orders denying motions for summary judgment" and dismissing the appeal for lack of jurisdiction).

2

entered an award in favor of Peipert. The award was fully paid by Citizens two days later. In March 2021, Citizens filed a motion for final summary judgment. Peipert filed a response in opposition and a cross-motion to determine her entitlement to prejudgment interest. The trial court held a hearing on the motions and subsequently denied the motion for final summary judgment and awarded Peipert prejudgment interest from the date of loss. This appeal followed.

To be entitled to prejudgment interest, Peipert was required to show that Citizens denied her claim before later admitting coverage. Peipert's argument fails because it was undisputed below that Citizens did not deny coverage. Rather, the claim arose because the parties disagreed over the scope of loss and damages, not the existence of coverage. We need go no further than the complaint and record below to verify that coverage was not disputed as Peipert specifically pled the dispute was over the "scope and value of a covered loss." See Sunshine State Ins. Co. v. Davide, 15 So. 3d 749, 750 (Fla. 3d DCA 2009) (finding that "Sunshine has never denied coverage of [the insured's] claim, but rather only disputed the amount to be paid under the policy to satisfy [the] claim"). Because Citizens did not deny coverage and timely paid the appraisal award within sixty days of the filing of the award, as required by the terms of the policy, Peipert was not entitled

3

to prejudgment interest.  See State Farm Fla. Ins. Co. v. Silber, 72 So. 3d 286, 290 (Fla. 4th DCA 2011) ("[A]n insured is not entitled to prejudgment interest when an insurer does not deny coverage, participates in the appraisal process, and timely pays the appraisal award."); Jugo v. Am. Sec. Ins. Co., 56 So. 3d 94, 96 (Fla. 3d DCA 2011) (affirming the denial of prejudgment interest on an appraisal award and finding that the insurer had not denied coverage where "[t]he dispute turned on quantifying the covered loss, not the existence of coverage"); Green v. Citizens Prop. Ins. Corp., 59 So. 3d 1227, 1229 (Fla. 4th DCA 2011) ("Inasmuch as Citizens satisfied the appraisal award within sixty days of the filing of the award, as required by the terms of the insurance contract, [the insured] was not entitled to prejudgment interest."); Allstate Ins. Co. v. Blanco, 791 So. 2d 515, 517 (Fla. 3d DCA 2001) (finding the insureds were not entitled to prejudgment interest where "the insurance policy provisions allowed Allstate sixty days within which to pay the appraisal award and Allstate made payment within the allotted time").

Reversed in part; dismissed in part and remanded for further proceedings consistent with this opinion.

4